■ JERRY A. MARR, Respondent, v S.G.S.G. CONSTRUCTION CORP. et al., Appellants. JERRY A. MARR, Respondent, v CONTE ELECTRIC, INC., et al., Appellants. — Orders, Supreme Court, New York County (Grossman, J.), entered February 10, 1982, covering Action Nos. 1 and 2, are both unanimously reversed, in the exercise of discretion, and the motions of plaintiff-respondent to enter a default judgment against each of defendants-appellants denied, upon condition however that, within 20 days after service of the order entered hereon, counsel for each defendant-appellant shall pay to plaintiff-respondent the sum of $500 costs in each of these actions, a total of $1,000, without costs of this appeal; failing compliance with such condition, the orders are unanimously affirmed, with costs. Upon compliance with the condition imposed in connection with the orders entered February 10, 1982, appeal from the orders of the same court and Justice, entered February 26, 1982, which denied defendants-appellants' motions to open the default, are unanimously dismissed as moot, without costs; failing compliance, the orders entered February 26, 1982 are affirmed, with costs. Cross motions by the parties in both actions, requesting permission to file additional papers relating to litigation in Westchester County concerning related matters are unanimously granted, without costs. Upon its own motion, the court directs, in the exercise of discretion, the transfer of the venue of these actions to Supreme Court, Westchester County, there to be disposed of with cases there pending between the same parties, addressed to matter related to the subject of these actions, without costs. These two actions, virtually twins, were brought by an attorney, appearing *pro se,* who sued two separate contractors for alleged failure to perform properly in construction of a residence built for him in Westchester County. From the additional papers received pursuant to the motions we have granted, we glean that there are other cases, pertaining to the same dispute, now pending in Westchester between the same parties. These papers have revealed the interdepartmental ramifications of lawsuits inefficiently fragmented between the First and Second Departments. The papers have assisted us in an exercise of discretion impelling us to channel the entire controversy into one forum. The instant appeal pertains to the grant of plaintiff-respondent's motion for permission to take defaults against both defendants-appellants; it was granted by orders of February 10, 1982. Motions by both defendants-appellants were then made to open the defaults, denied by orders of February 26, 1982. The default was occasioned by failure to answer for upwards of half a year after service of the complaints. Technically, the situation might well fall within the ambit of *Barasch v Micucci* (49 NY2d 594), and *Bruno v Village of Port Chester* (77 AD2d 580). However, there was no apparent intention to abandon defense of the suit, and the situation we find seems to have been the result of moving along with one set of actions to the detriment of the other, thus falling between the two stools. However, there appears to be a justiciable dispute which ought to be decided on its merits. It would be in the interest of justice to have the entire litigation conducted in one county within one judicial department, and, to that end, we believe that the entire controversy should be disposed of in the county of origin. Though we open the defaults, all indications are that counsel for the defendants permitted it to have been suffered through inefficient handling of portions of the

litigation as indicated. Accordingly, we have imposed conditions for its being opened. Now that the entire matter will be in one forum, it is expected that it will be moved along speedily by counsel for all parties. Concur — Carro, J. P., Markewich, Lupiano and Milonas, JJ.