■ AUDREY SUMNER, an Infant by Her Mother and Natural Guardian, MYRLVILLE SUMNER, et al., Appellants, v NANCY C. REICH, Defendant, and BETHANY J. SUMNER et al., Respondents. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Suffolk County (Jaspan, J.), dated September 9, 1982, which (1) denied their motion for (a) a default judgment against defendants Bethany J. and Charles Sumner and severing the action as to the remaining defendant,

and (b) an assessment of damages, and (2) granted the cross motion of defendants Sumner to direct the plaintiffs to accept their answer. Order affirmed, with $50 costs and disbursements. Defendants Sumner shall serve their answer within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. The infant plaintiff was injured on January 29, 1982 when the vehicle in which she was a passenger, which vehicle was owned by defendant Charles Sumner and operated by defendant Bethany J. Sumner (hereinafter respondents), her father and sister, respectively, was involved in a collision with a vehicle owned and operated by defendant Nancy C. Reich. The summons and complaint were personally served upon respondents on July 6, 1982. By notice of motion dated July 28, 1982, a mere 22 days after the action was commenced, plaintiffs sought a default judgment against respondents. Counsel for respondents thereupon cross-moved for an order compelling plaintiffs to accept service of their answer dated and mailed on July 29, 1982. While respondents concede that their answer was indeed due on July 26, 1982, it is maintained that the three-day delay in responding is excusable since the complaint was initially sent to the Allstate Insurance Company in Melville, which then forwarded it to respondents' counsel. We conclude that Special Term acted properly in excusing the three-day delay under the instant circumstances. Of particular significance in this case is the intrafamily relationship between the infant plaintiff and respondents and the insignificance of the delay in terms of actual prejudice. Moreover, a potential conflict of interest is apparent from the fact that the same insurer is representing both vehicles involved in the collision. It is for this reason that the carrier forwarded the complaint to respondents' counsel for handling. Thus, respondents clearly have a reasonable excuse for what was, in any event, an insignificant delay. As Special Term has aptly noted, "[u]ltimate perfection in the administration of a law office is not achievable and reasonable standards must be applied". That respondents proceeded expeditiously once they were apprised of the claim is beyond cavil. Plaintiffs' motion for the entry of a default judgment was made when respondents' answer was already in the mail. The total absence of any prejudice to plaintiffs is evident from the fact that the other defendant's time to answer had not yet expired at the time plaintiffs made their motion. Respondents, on the other hand, would be unduly prejudiced since the relief demanded was the substantial sum of $275,000. The fact that respondents failed to apply for an extension of time in which to serve their answer prior to the expiration of the time fixed is no bar to the court's having ordered plaintiffs to accept their answer (see CPLR 2004). In view of the insignificance of the subject delay, the absence of prejudice, the existence of a meritorious defense and the intrafamily relationship between the infant plaintiff and the respondents, this entire appellate litigation should have been averted and the matter resolved through the extension of professional courtesy between counsel. Accordingly, it was not an abuse of discretion to have excused respondents' delay and to have ordered acceptance of their answer. Mangano, J. P., Weinstein, Bracken and Niehoff, JJ., concur.