■ S.G.S.G. CONSTRUCTION CORP. et al., Respondents, v JERRY A. MARR, Appellant, et al., Defendants. — In an action to recover damages for breach of contract, defendant Jerry Marr appeals from an order of the Supreme Court, Westchester County (Rosenblatt, J.), entered July 19, 1982, which denied his motion for a default judgment against plaintiffs on his counterclaims and granted plaintiffs' cross motion to vacate the default upon condition that plaintiffs serve their reply to Marr's counterclaims within 20 days of the date of entry of the court's order. Order reversed, on the law, with costs, appellant Marr's motion for a default judgment on his counterclaims against plaintiffs granted, and plaintiffs' cross motion to vacate the default denied. The claims in this action and in parallel actions instituted by appellant Marr in New York County arose out of a contract dispute between plaintiff S.G.S.G. Construction Corp. and Marr in the building of a home in Westchester County for Marr. Marr's New York County actions against plaintiffs were commenced on January 31, 1981; his complaints were served on February 24, 1981. Plaintiffs attempted to serve answers on November 2, 1981 consisting of one-line general denials. On November 20, 1981 Marr submitted to the court a motion for default judgments in the New York County actions. Default judgments were entered in the New York County actions on February 10, 1982, but, on appeal, the Appellate Division, First Department, conditionally opened the defaults and transferred the venue of the actions to Westchester County to be disposed of with the case at bar (see *Marr v S.G.S.G. Constr. Corp.*, 89 AD2d 513). During the course of the New York County actions, the Westchester County action initiated by plaintiffs was also pending. Plaintiffs had filed mechanic's liens against Marr's property in Westchester County on January 22, 1981. A notice of pendency was filed five days later. On the next day, Marr discharged the liens by depositing a sum with the county clerk covering the amounts claimed. The notice of pendency was duly canceled. Service on Marr in the

Westchester action was completed on or about March 1, 1981. Marr's motion to dismiss the action was denied on May 19, 1981. Marr served his answer and counterclaims on plaintiffs on September 4, 1981. Marr moved for a default judgment concerning his counterclaims on March 26, 1982. The complaint against Marr was dismissed on grounds of *"res judicata* and collateral estoppel" since Marr had just been granted two default judgments in the New York County actions. As noted previously, however, the default judgments in the New York County actions were conditionally vacated on appeal. Following the transfer of the New York actions to Westchester County, Special Term (Westchester County) denied Marr's motion for a default judgment on condition that plaintiffs serve a reply to the counterclaims within 20 days of entry of the order, denying Marr's motion. The instant appeal followed. The allegations and causes of action in Marr's New York County complaints are virtually identical to those set forth in his Westchester County counterclaims. It is undisputed that plaintiffs failed to answer Marr's complaints in the New York County actions and failed to reply to his counterclaims in the instant action. When plaintiffs tried to excuse their defaults in the New York County actions, they argued that there was no need to answer in the first place since their failure to reply in the identical Westchester action was the equivalent of a denial pursuant to CPLR 3011. Plaintiffs have admitted their construction of the CPLR was incorrect, and do not urge this ground on the instant appeal. Plaintiffs also attributed their failure to answer Marr's New York County complaints to a "lapse of memory by counsel" due to the volume of papers of the proceedings between the parties. In the case at bar, plaintiffs explain their failure to reply was due to their preoccupation with other aspects of the New York County and Westchester County litigations. This final excuse is no more than a restatement of the lapse of memory excuse asserted in New York County. Plaintiffs may be arguing that the actions were too complex for them to handle expeditiously, but as such, their excuse is really a version of "law office failure" (see *Eaton v Equitable Life Assur. Soc. of U.S.,* 56 NY2d 900, revg 81 AD2d 653; *Barasch v Micucci,* 49 NY2d 594). While plaintiffs succeeded in giving the impression to the First Department that their failure evolved from their "moving along with one set of actions to the detriment of the other" (*Marr v S.G.S.G. Constr. Corp., supra,* p 513), it is evident that plaintiffs failed to move along with *both* actions. Plaintiffs failed to timely respond to both Marr's complaints and his counterclaims. Had plaintiffs timely responded to *either* they would have a better argument since Marr's claims were essentially the same in both counties. But since plaintiffs responded to *neither* set of claims, they have defaulted. In view of the fact that plaintiffs' excuse amounted to no more than "law office failure", Special Term abused its discretion in conditionally denying Marr's motion for a default judgment. Accordingly, the order appealed from is reversed. Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.