■ JAMES ARIZAGA, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. — Order and judgment (one paper) of the Supreme Court, New York County (Richard Lane, J.), entered on May 21, 1982, which granted the petition by petitioner James Arizaga to the extent of directing respondent New York City Health and Hospitals Corporation to award petitioner the difference between the compensation of a storekeeper and a stockman for the period from August 20, 1979 to February 2, 1981, with interest, is unanimously reversed, on the law, and the petition dismissed, without costs or disbursements. Petitioner has been employed at Lincoln Hospital since April of 1977 with the civil service title of stockman. In August of 1979, his supervisor, who held the civil service title of senior storekeeper, took his annual leave but subsequently resigned from his position without having returned. From the start, petitioner protested assuming the duties previously performed by his superior since he was not receiving any additional compensation. On September 2, 1979, pursuant to the collective bargaining agreement between respondent New York City Health and Hospitals Corporation and Local 237 of the Teamsters, the union representing petitioner, he commenced a grievance regarding his alleged out-of-title work. The dispute proceeded through a three-step grievance procedure, which ultimately resulted in a step III decision by the review officer, who, after reviewing the record and considering the relevant testimony, concluded that: "The Department is ordered to immediately remove those duties which are not in conformance with grievant's civil service title. The Review Officer finds that the majority of the contested duties fall well within the job specifications for Stockman. To the extent noted, no violation as alleged has been proven." Petitioner thereafter instituted the instant proceeding seeking to review and vacate the review officer's determination on the ground that it lacked a rational basis. Respondent moved to dismiss the petition, contending that the court did not possess subject matter jurisdiction of the matter since petitioner had not exhausted his contractual remedies. The motion was denied, and Special Term subsequently granted the petition to the extent of directing that respondent pay petitioner the difference in salary between that of a storekeeper and that of a stockman for the specified period of time. The collective bargaining agreement involved here states that "[a]n appeal from an unsatisfactory determination at Step III may be brought solely by the Union to the Office of Collective Bargaining for impartial arbitration within fifteen (15) working days of receipt of the Step III determination." Petitioner failed to appeal under this provision. However, the law is settled that where a collective bargaining agreement authorizes arbitration between members of a union and the employer, "the union represents all the employees as to all covered matters and each individual employee in becoming

a beneficiary to the contract gives up to the union, as his representative, his individual right to sue on or litigate as to the contract." (*Chupka v Lorenze-Schneider Co.,* 12 NY2d 1, 6). In those instances in which the employee alleges that his union has breached its duty of fair representation, his only remedy is to bring suit against the union for the breach of fiduciary duty. (*Parker v Borock,* 5 NY2d 156; see, also, *Vaca v Sipes,* 386 US 171.) In that connection, a mere neglect or refusal by the union to arbitrate a particular grievance does not, by itself, constitute a breach of duty. (See *Vaca v Sipes, supra.*) Since petitioner has not demonstrated that the union either did not represent him adequately or did so wrongfully, petitioner has no direct cause of action against his employer. (*Albino v City of New York,* 80 AD2d 261; see, also, *Rieder v State Univ. of N.Y.,* 39 NY2d 845.) Consequently, Special Term improperly granted the petition. Concur — Murphy, P. J., Silverman, Bloom, Milonas and Kassal, JJ.