■ KAREN M. HIMMELSTOSS, Appellant, v PARENT'S AID SOCIETY, INC., et al., Defendants, and WOLF ELKAN, Respondent. — In a medical malpractice action, plaintiff appeals from an order of the Supreme Court, Suffolk County (Weissman, J.), entered February 18, 1982, which denied plaintiff's motion for leave

to enter a default judgment against defendant Wolf Elkan (hereinafter defendant) and granted defendant's cross motion, *inter alia,* for an extension of time in which to serve an answer. Order affirmed, without costs or disbursements. On December 8, 1981, defendant was personally served with copies of plaintiff's summons and complaint, which he then forwarded to his insurance carrier. Although the period in which to answer expired on December 28, 1981, the carrier did not assign outside defense counsel to the case until December 30, 1981. On that same day plaintiff moved for leave to enter a default judgment against defendant. On January 4, 1982, defendant's counsel contacted plaintiff's counsel to request an extension of time in which to interpose an answer but plaintiff's counsel refused. Defense counsel reiterated his request for an extension on January 5, 1982 and indicated that he could have the answer in the mail that day. Although plaintiff's counsel again refused to grant an extension, he did consent to a short adjournment of the return date of the motion. In the interim, defense counsel cross-moved on January 19, 1982 to, *inter alia,* extend defendant's time to answer. Defense counsel ascribes part of the delay in the assignment of counsel to defendant's failure to forward the summons and complaint to his insurance carrier until December 16, 1981 and part to the traditionally slow holiday mails. Although it is unclear from the record when the carrier actually received the summons and complaint, defense counsel speculates that it was shortly before Christmas. The further delay between assignment on December 30, 1981 and counsel's initial request for an extension on January 4, 1982, was ostensibly caused by the fact that December 31, 1982, New Year's Eve, marked the beginning of a holiday weekend. In our view Special Term did not abuse its discretion in granting defendant an extension of time in which to answer. Defendant's failure to establish when his insurance carrier received the summons and complaint or why the assignment of counsel could not have been made earlier constitutes an unexplained hiatus due to circumstances akin to law office failure (cf. *Bernard v City School Dist. of Albany,* 89 AD2d 676). However, the bulk of the delay was inadvertently caused by the individual defendant physician's failure to forward the summons and complaint to his insurance carrier until December 16, 1982 and delay attendant to mailing. Once assigned, defense counsel acted with dispatch by promptly requesting on January 4, an extension of time to serve an answer, offering to put the answer in the mail on January 5, and, when refused, moving for affirmative relief pursuant to CPLR 2004. Under the circumstances, defendant had a reasonable excuse for what was, in any event, an insignificant delay (see CPLR 2005, 3012, subd [d]; cf. *Sumner v Reich,* 92 AD2d 590). Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.