■ S.G.S.G. CONSTRUCTION CORP. et al., Respondents, v JERRY A. MARR, Appellant, et al., Defendants. — Motion by respondents for reargument of (1) an appeal from an order of the Supreme Court, Westchester County (Rosenblatt, J.), entered July 19, 1982, and (2) a motion for reargument of that appeal, denied by order of this court dated June 22, 1983. Motion granted and the decision and order of this court, both dated May 23, 1983, are recalled and vacated. Effective June 21, 1983, the CPLR was amended to permit a court, in its discretion, to excuse delay or default resulting from law office failure (see L 1983, ch 318). Those amendments are "remedial in nature" and applicable to all proceedings which are "still * * * pending before a court; or [for which] the time for taking of an appeal from any order or judgment in such action has not yet expired" (L 1983, ch 318, § 3). Therefore we render the following decision on this appeal: In an action to recover damages for breach of contract, defendant Jerry Marr appeals from an order of the Supreme Court, Westchester County (Rosenblatt, J.), entered July 19, 1982, which denied his motion for a default judgment against plaintiffs on his counterclaims and granted plaintiffs' cross motion to vacate the default upon condition that plaintiffs serve their reply to Marr's counterclaims within 20 days of the date of entry of the court's order. Order affirmed, without costs or disbursements, upon condition that (1) plaintiffs serve a reply on defendant Marr, and (2) counsel for plaintiffs shall personally pay to defendant Marr the sum of $1,000 costs. Plaintiffs and their counsel's time to comply with these conditions is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. In the event there is a failure to comply with either of these conditions, order reversed, as a matter of discretion, with costs, defendant Marr's motion for a default judgment on his counterclaims against plaintiffs granted, and plaintiffs' cross motion to vacate the default denied. The claims in this action and in parallel actions instituted by defendant Marr in

New York County arose out of a contract dispute between plaintiff S.G.S.G. Construction Corp. and Marr in the building of a home in Westchester County for Marr. Marr's New York County actions against plaintiffs were commenced on January 31, 1981; his complaints were served on February 24, 1981. Plaintiffs attempted to serve answers on November 2, 1981 consisting of one-line general denials. On November 20, 1981 Marr submitted to the court a motion for default judgments in the New York County actions. Default judgments were entered in the New York County actions on February 10, 1982, but, on appeal, the Appellate Division, First Department, conditionally opened the defaults and transferred the venue of the actions to Westchester County to be disposed of with the case at bar (see *Marr v S.G.S.G. Constr. Corp.,* 89 AD2d 513). During the course of the New York County actions, the Westchester County action initiated by plaintiffs was also pending. Plaintiffs had filed mechanic's liens against Marr's property in Westchester County on January 22, 1981. A notice of pendency was filed five days later. On the next day, Marr discharged the liens by depositing a sum with the county clerk covering the amounts claimed. The notice of pendency was duly canceled. Service on Marr in the Westchester action was completed on or about March 1, 1981. Marr's motion to dismiss the action was denied on May 19, 1981, and Marr served his answer and counterclaims on plaintiffs on September 4, 1981. On March 26, 1982, Marr moved for a default judgment on his counterclaims. The complaint against Marr was dismissed on grounds of *"res judicata and collateral estoppel"* since Marr had just been granted two default judgments in the New York County actions. As noted previously, however, the default judgments in the New York County actions were conditionally vacated on appeal. Following the transfer of the New York actions to Westchester County, Special Term (Westchester County) denied Marr's motion for a default judgment on condition that plaintiffs serve a reply to the counterclaims within 20 days of entry of the order denying Marr's motion. The instant appeal followed. The allegations and causes of action in Marr's New York County complaints are virtually identical to those set forth in his Westchester County counterclaims. It is undisputed that plaintiffs failed to answer Marr's complaints in the New York County actions and failed to reply to his counterclaims in the instant action. When plaintiffs tried to excuse their defaults in the New York County actions, they argued that there was no need to answer in the first place since their failure to reply in the identical Westchester action was the equivalent of a denial pursuant to CPLR 3011. Plaintiffs have admitted their construction of the CPLR was incorrect, and do not urge this ground on the instant appeal. Plaintiffs also attributed their failure to answer Marr's New York County complaints to a "lapse of memory by counsel" due to the volume of papers of the proceedings between the parties. In the case at bar, plaintiffs explain their failure to reply was due to their preoccupation with other aspects of the New York County and Westchester County litigations. This final excuse is no more than a restatement of the lapse of memory excuse asserted in New York County. Plaintiffs may be arguing that the actions were too complex for them to handle expeditiously, but as such, their excuse is really a version of "law office failure" (see *Eaton v Equitable Life Assur. Soc. of U. S.,* 56 NY2d 900, revg 81 AD2d 653; *Barasch v Micucci,* 49 NY2d 594). However, under CPLR 2005 (see L 1983, ch 318), "the court shall not, as a matter of law, be precluded from exercising its discretion in the interests of justice to excuse delay or default resulting from law office failure". Thus, Special Term could excuse the default in its exercise of discretion. While it is true that plaintiffs failed to timely respond to Marr's New York County complaints and Westchester County counterclaims, it also appears that plaintiffs never intended to ignore or abandon the actions. Under the circumstances, Special Term did not

abuse its discretion in vacating the default. However, we have imposed additional conditions for vacatur of the default (see CPLR 3012, subd [d]; see L 1983, ch 318). Titone, J. P., Lazer, Weinstein and Boyers, JJ., concur.