■ FRANK PETTINATO et al., Respondents, v SUNSCAPE AT BAY SHORE HOME OWNERS ASSOCIATION, INC., et al., Defendants, and SUNSCAPE ASSOCIATES, Appellant. — In an action to recover damages for breach of contract, defendant Sunscape Associates appeals from an order of the Supreme Court, Suffolk County (McCarthy, J.), entered December 22, 1982, .which (1) granted the plaintiffs' motion for leave to enter a default judgment upon its default in answering and notice the case for an assessment of damages, and (2) denied its cross motion to vacate its default in answering. The appeal brings up for review so much of a further order of the same court, entered March 23, 1983, as, upon reargument, adhered to the original determination. Appeal from the order entered December 22, 1982, dismissed, without costs or disbursements. That order was superseded by the order entered March 23, 1983, made upon reargument. Order entered March 23, 1983 reversed, insofar as reviewed, as a matter of discretion, without costs or disbursements, order entered December

22, 1983 vacated, and defendant Sunscape Associates' cross motion to vacate its default in answering granted and plaintiffs' motion denied. The answer previously served by defendant Sunscape Associates shall be deemed timely. Plaintiffs commenced the within action by the service of a summons dated May 14, 1982. A notice of appearance and demand for a complaint was thereafter served on or about June 21, 1982, and on September 17, 1982, a verified complaint was forwarded to the defendant Sunscape Associates requesting damages in the amount of $100,000. A period of unsuccessful settlement negotiations apparently followed, and, on October 22, 1982, when Sunscape first sought to interpose its answer, it was rejected by the plaintiffs as untimely. Special Term subsequently sustained the plaintiffs' rejection of Sunscape's answer, and granted their motion for leave to enter a default judgment. This appeal followed. We reverse. While Sunscape Associates' failure to interpose a timely answer is solely attributable to what may be termed "law office failure", recent amendments to the CPLR have effectively overruled the *Barasch-Eaton* line of cases (*Barasch v Micucci,* 49 NY2d 594; *Eaton v Equitable Life Assur. Soc.,* 56 NY2d 900) and empowered the courts to exercise their discretion to excuse such delays "in the interests of justice" where the circumstances are otherwise deemed appropriate (CPLR 2005 [added L 1983, ch 318, § 1, eff June 21, 1983]; see CPLR 3012, subd [d] [added L 1983, ch 318, § 2]; *S.G.S.G. Constr. Corp. v Marr,* 96 AD2d 937; *Wagenknecht v Government Employees Ins. Co.,* 97 AD2d 407). Moreover, the foregoing amendments have been designated as remedial in nature, and are applicable to all proceedings which were still *sub judice* as of their effective date (see L 1983, ch 318, § 3; *S.G.S.G. Constr. Corp. v Marr, supra; Wagenknecht v Government Employees Ins. Co., supra*). Applying this legislative mandate to the case at bar, we have reached the conclusion that Sunscape Associates' default is excusable and that the matter should be determined upon the merits. In so concluding, we have taken cognizance of the shortness of the delay in answering, the existence of ongoing settlement negotiations, the lack of any demonstrable prejudice to the plaintiffs, and the apparent existence of a meritorious defense as warranting our exercise of discretion in Sunscape Associates' favor (CPLR 2005, 3012, subd [d]; see *Wagenknecht v Government Employees Ins. Co., supra; Weissblum v Mostafzafan Foundation,* 60 NY2d 637; *Sequoia Constr. Corp. v Hunt,* 78 AD2d 695; cf. *Himmelstoss v Parent's Aid Soc.,* 96 AD2d 576; *Sumner v Reich,* 92 AD2d 590). Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.