■ In the Matter of the Estate of DONALD LEVINE, Deceased. Estate of DONALD LEVINE, Appellant; FRED SREBNICK et al., Respondents. — In a proceeding by the temporary administrator of an estate to determine the validity and enforceability of a claim against the estate, the temporary administrator appeals (1) from an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated August 25, 1982, which, *inter alia,* granted the claimants' motion to vacate their default in answering and vacated the decree disallowing the claim, and (2) as limited by his brief, from so much of an order of the same court dated December 9, 1982 as, upon granting reargument, adhered to its original determination. Appeal from order dated August 25, 1982, dismissed, without costs or disbursements. Said order was superseded by the subsequent order granting reargument. Order dated December 9, 1982 affirmed insofar as appealed from, without costs or disbursements. Under the circumstances, it cannot be said that the Surrogate abused his discretion in granting the motion to vacate the default. In light of the excuse proffered, law office failure, and the lack of an indication that claimants intended to neglect or abandon the matter, the decision to impose a substantial financial penalty upon the claimants' former counsel was reasonable (see CPLR 2005, 3012, subd [d]; *S.G.S.G. Constr. Corp. v Marr,* 96 AD2d 937). Further, it cannot be said that the conclusion that claimants established a meritorious claim was an abuse of discretion (see *Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693). The issue of whether the interest rate was usurious poses questions of fact (see General Obligations Law, §§ 5-501, 5-521; Penal Law, § 190.40; see, also, *Hammelburger v Foursome Inn Corp.,* 54 NY2d 580; *Schneider v Phelps,* 41 NY2d 238; *Band Realty Co. v North Brewster,* 37 NY2d 460). Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.