■ JOSHUA ASSOCIATES, Respondent, v HARRY KLEIN, Appellant. — In an action to recover damages for failure to comply with a judgment, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Becker, J.), dated March 21, 1983, which denied the defendant's motion for leave to vacate his default in answering, and (2) an order of the same court, dated June 2, 1983, which denied that branch of his motion which sought renewal of his motion to vacate his default.

Order dated March 21, 1983 reversed, as a matter of discretion, without costs or disbursements, and defendant's motion to vacate his default in answering granted. Defendant's time to

serve a verified answer on plaintiff is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry.

Appeal from order dated June 2, 1983 dismissed as academic, without costs or disbursements, in light of our determination with respect to the appeal from the order dated March 21, 1983.

On December 8, 1982, the defendant's wife was served with a summons and complaint at a restaurant known as Gracie Corners Restaurant in New York City and a copy of the summons and complaint was mailed to the defendant. The affidavit of service was filed on December 14, 1982. The defendant, a man over 80 years old and in ill health, was initially unable to obtain legal counsel. He first attempted to serve an answer on January 31, 1983. However, the plaintiff rejected the answer as being untimely. Thereafter, on or about February 7, 1983, the defendant sought to vacate the default claiming that his failure to timely serve an answer was inadvertent and accidental and that he had a good and meritorious defense including another action pending and an offset and counterclaim based on the same set of facts. In an ex parte order dated February 9, 1983, Justice Murphy refused to vacate the default and ordered an inquest.

We find the defendant's delay in serving his answer to be excusable, particularly in light of his poor health and advanced age. The record indicates that the defendant made several attempts to obtain legal counsel and that the total amount of the delay was only seven days. Considering the defenses raised by the defendant, including a possible defense as to lack of jurisdiction, it would be extremely harsh not to exercise the discretion afforded in CPLR 5015 to vacate the default and permit the defendant to serve his answer (see *Pettinato v Sunscape at Bay Shore Home Owners Assn.,* 97 AD2d 434; *Sumner v Reich,* 92 AD2d 590). Mangano, J. P., O'Connor, Boyers and Eiber, JJ., concur.