■ RALPH E. POWE et al., Appellants, v MICHELI CONTRACTING CORPORATION, Respondent. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered November 21, 1983 in Albany County, which granted defendant's motion to extend its time to answer and compelled plaintiffs to accept defendant's answer.

On or about September 7, 1982, plaintiffs instituted the instant lawsuit in which they seek money damages for the alleged wrongful destruction by defendant of a building owned by plaintiffs. The summons and complaint were served on Elio Micheli, defendant's president, and were forwarded to his insurance agent and ultimately to his carrier. Said carrier, however, by letter dated September 23, 1982, denied coverage. Shortly thereafter, Micheli contacted his personal attorneys, who, on behalf of

defendant, served an answer on October 5, 1982. This answer was refused by plaintiffs as being untimely. Defendant then moved by order to show cause, dated October 18, 1982, for an extension of time in which to answer or, in the alternative, to compel plaintiffs to accept defendant's answer. On October 26, 1982, plaintiffs entered a default judgment. However, by order dated November 3, 1982, defendant's motion for an extension of time was granted upon plaintiffs' nonappearance on the return date. Plaintiffs then moved to vacate this order. Plaintiffs' motion to vacate was eventually granted, with leave to defendant to re-move for an order extending its time to answer. Defendant reapplied for an extension of time to answer and this motion was granted by order entered November 21, 1983. The instant appeal is from that order.

We are unable to conclude that Special Term abused its discretion in granting defendant's motion and, accordingly, affirm (see *Sumner v Reich*, 92 AD2d 590, 591). The delay in answering was short and occurred through no fault of defendant or its counsel. Moreover, the record reveals the existence of a meritorious defense.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.