LUIGI DUSOVIC, Appellant, v NEW JERSEY TRANSIT BUS OPERATIONS, INC., Respondent

Special Term acted properly in excusing the defendant's default in serving its answer and extending the time in which the service of the answer could be completed by the defendant. The defendant had clearly indicated its intent to defend the action, the delay in serving the answer was brief and nondeliberate, and the plaintiff was not prejudiced by the delay *(see, Pettinato v Sunscape At Bay Shore Home Owners Assn., 97 AD2d 434).*

Moreover, the defendant has set forth (in its motion papers and proposed answer) a meritorious defense to the action. Specifically, the defendant contends that the plaintiff's breach of contract claim is based upon the collective bargaining agreement between the defendant and the plaintiff's union. The defendant has denied any breach of that agreement and has alleged that the plaintiff has been granted all his rights pursuant to the contract, detailing compliance with the contract provisions concerning the plaintiff's discharge, and concluding that "the plaintiff was afforded all redress to which he was entitled", thereby warranting dismissal of the complaint *(cf. Parker v Borock,* 5 NY2d 156; *Arizaga v New York City Health & Hosps. Corp.,* 96 AD2d 457; *Meyers v Sunnydale Farms,* NYLJ, Sept. 9, 1986, p 14, cols 3-6; p 15, col 1).

A review of the record before Special Term does not warrant a conclusion that the defendant should be collaterally estopped from pursuing its proposed defense by any findings made by an Administrative Law Judge in his determination of the plaintiff's claim for unemployment benefits. As stated by the Court of Appeals: "[W]hen collateral estoppel is in issue, the question as to whether a party had a full and fair opportunity to litigate a prior determination, involves a practical inquiry into *'the realities of litigation.* A comprehensive list of the various factors which should enter into a determination whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation' (see, also, Restatement, Judgments 2d [Tent Draft No. 3], § 88)" *(Gilberg v Barbieri,* 53 NY2d 285, 292 [emphasis supplied]).

In this case, the defendant did not initiate the administrative proceeding, and, at that prior proceeding, the defendant

was not represented by counsel and only produced hearsay evidence in support of its defense. There is no suggestion that the defendant was aware of the possibility that an award of unemployment benefits to the plaintiff might later be used to conclusively establish liability in this suit for damages in the amount of $45,000, which action was not initiated until after the issuance of the Administrative Law Judge's decision *(see, Gilberg v Barbieri, supra,* pp 292-293). Under these circumstances, "it is not unfair to permit [the defendant] one opportunity to fully defend the * * * complaint on the merits in a manner consistent with the potential magnitude of the suit" *(Gilberg v Barbieri, supra,* p 294). This matter is distinguishable from the situation in *Ryan v New York Tel. Co.* (62 NY2d 494), wherein the plaintiff Edward Ryan, who was sought to be estopped by an administrative determination made after an unemployment benefits hearing, had initiated the prior administrative proceeding and had a clear incentive and did litigate thoroughly the issue of his discharge.

In addition, under the circumstances, we find that Special Term did not abuse its discretion by declining to assess a penalty because of the defendant's default.

Accordingly, the order appealed from should be affirmed. Mollen, P. J., Weinstein and Lawrence, JJ., concur.

Mangano, J., dissents and votes to reverse the order appealed from, deny the defendant's motion and grant the plaintiff's cross motion, in accordance with the following memorandum, with which Lazer J., concurs.

I agree with both the majority and Special Term in that the defendant's delay in serving its answer was excusable. However, I disagree with the majority's holding that the defendant has demonstrated in its motion papers, as required *(A&J Concrete Corp. v Arker,* 54 NY2d 870; *Williams v City of New York,* 85 AD2d 633; CPLR 2004, 3012 [d]), a meritorious defense to this action.

The plaintiff was employed as a bus driver by the defendant bus company, pursuant to a contract which gave the defendant the right to discharge its employees "for proper cause". The plaintiff was discharged from his position on July 26, 1983, as a result of a charge of fare irregularities, i.e., it was alleged that he improperly failed to turn in or register the cash fares that he collected from passengers on July 20, 1983. The charge was based on the reports of undercover investigators. The plaintiff instituted a three-tier grievance procedure against the defendant pursuant to their contract and lost at

each of the three levels. Concurrent thereto, the plaintiff filed a claim for unemployment insurance which was initially denied on July 26, 1983. That determination was overruled by an Administrative Law Judge after a hearing at which the plaintiff and the defendant appeared. At the hearing the plaintiff testified that he had not misappropriated any fares. Rather, it was his testimony that his key, which operated the bus register, was broken, so that the register did not operate properly. He therefore recorded the fares as best he could on a piece of paper, and when he returned to the garage in the evening he recorded them on the register when he was able to get it to work. The defendant contended at the hearing based on the undercover investigator's reports that the plaintiff committed misconduct by misappropriating fares. The Administrative Law Judge found that "the credible evidence presented at the hearing failed to support" the defendant's contention. Specifically, the Administrative Law Judge found the plaintiff's testimony credible, and held that the evidence in opposition thereto, i.e., the undercover investigators' reports, were merely hearsay and could not prevail against the plaintiff's testimony. Accordingly, the Administrative Law Judge found that the plaintiff's employment "ended under non-disqualifying conditions" and that he was eligible for unemployment benefits. No appeal was taken from this decision, dated April 9, 1984.

In September 1984 the plaintiff commenced the instant action, seeking damages for breach of his employment contract. Specifically, the complaint alleged that the plaintiff's employment was terminated "without just cause". After the defendant's default in answering, the plaintiff moved for leave to enter a default judgment against the defendant but that motion was denied with leave to renew. By notice of motion dated September 30, 1985, the defendant moved for an order extending its time to answer and compelling the plaintiff to accept service of the answer. In its moving papers the defendant alleged, as its meritorious defense, that the plaintiff's employment had been terminated for proper cause, in that, as evidenced by the findings at the grievance hearings, he had inexcusably failed to deposit and register cash fares collected from bus passengers on July 20, 1983. By notice of cross motion dated October 17, 1985, the plaintiff cross-moved for leave to enter a default judgment against the defendant.

Special Term granted the defendant's motion and denied the plaintiff's cross motion, holding, inter alia: "Furthermore, there is a strong showing of a meritorious defense to this

action; plaintiff's claim that an Administrative Judge's determination is res judicata is without substance".

In my view, the affidavit of the defendant's counsel fails to demonstrate a meritorious defense to the instant action.

In *Ryan v New York Tel. Co.* (62 NY2d 494), the plaintiff Edward Ryan was discharged from his employment with the defendant New York Telephone Company for theft of company property after allegedly being observed by company security investigators removing what appeared to be company property from the workplace. Mr. Ryan was thereafter arrested and charged with petit larceny and criminal possession of stolen property. Following his discharge from work, Mr. Ryan filed for unemployment insurance benefits, but his application was rejected by a claims examiner of the Department of Labor on the ground that the discharge was the result of his own misconduct. Mr. Ryan appealed this initial adverse determination, and obtained a hearing before an Unemployment Insurance Administrative Law Judge. After considering the testimony of all the witnesses, the Administrative Law Judge sustained the ruling of the claims examiner and disallowed benefits finding, *inter alia,* that Mr. Ryan " 'lost his employment due to misconduct' " *(Ryan v New York Tel Co., supra,* p 498). This determination was subsequently affirmed by the Unemployment Insurance Appeal Board and sustained by the Appellate Division. Ultimately, the criminal charges against Mr. Ryan were dismissed. Thereafter, he commenced an action to recover damages for false arrest, malicious prosecution, slander and wrongful discharge. The defendants pleaded an affirmative defense of res judicata and collateral estoppel on the basis of the prior administrative determination denying Mr. Ryan's claim for unemployment benefits. Mr. Ryan moved to strike the affirmative defense and the defendants cross-moved to dismiss the aforementioned causes of action. In granting the defendants' cross motion to dismiss and denying the motion to strike the affirmative defense of res judicata and collateral estoppel, the Court of Appeals held as follows:

"At the outset, it should be made clear that the doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies *(Matter of Evans v Monaghan,* 306 NY 312, 323-324; *Parklane Hosiery Co. v Shore,* 439 US 322; see, also, Restatement, Judgments 2d § 83), when rendered pursuant to the adjudicatory authority of an agency to decide cases brought before its tribunals employing procedures substan-

tially similar to those used in a court of law. *(Matter of Venes v Community School Bd.,* 43 NY2d 520, 524; *United States v Utah Constr. Co.,* 384 US 394, 212; see, also, 2 Davis, Administrative Law [3d ed] §§ 18.03, 18.08, 18.10; Restatement, Judgments 2d, § 83, subd [2], and Comment b.) '[S]uch determinations, when final, become conclusive and binding on the courts.' *(Bernstein v Birch Wathen School,* 71 AD2d 129, 132, affd 51 NY2d 932; see, also, *Matter of Newsday, Inc. v Ross,* 80 AD2d 1, 5.) * * *

"In the application of collateral estoppel with respect to administrative determinations, the burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue, while the burden rests upon the opponent to establish the absence of a full and fair opportunity to litigate the issue in prior action or proceeding. *(Cf. Schwartz v Public Administrator* [24 NY2d 65] *supra,* at p 73; see, also, *B.R. DeWitt, Inc. v Hall,* 19 NY2d 141; compare *Gramatan Home Investors Corp. v Lopez* [46 NY2d 481] *supra,* at p 485.) As we said in *Schwartz,* '[t]his apportionment of the burdens is both fair and necessary. Otherwise much of the value of collateral estoppel will be lost'. *(Id.,* at p 73.) Indeed, this apportionment accords, on the one hand, with the burden generally imposed on the moving party to make a prima facie demonstration of entitlement to summary judgment (see, e.g., *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067), and, on the other hand, with the burden placed on the opposing party to establish the necessity for a trial *(Zuckerman v City of New York,* 49 NY2d 557, 562) or on any party attempting to rebut the presumptive regularity of prior judicial and administrative proceedings (see 21 NY Jur, Evidence, §§ 106, 108; 10 Carmody-Wait 2d, NY Prac, §§ 70:346, 70:347; cf. *People v Harris,* 61 NY2d 9, 16).

"Applying the foregoing rules of law to this case demonstrates clearly that collateral estoppel bars plaintiffs from litigating the subject claims. A comparison of the material issues raised in this action with those resolved by the prior administrative determination, and an examination of the prior proceeding itself show that both requisite criteria, the identicality and decisiveness of the issues and the opportunity for a full and fair hearing have been satisfied" *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499, 501, 502, *supra).*

The holding of *Ryan v New York Tel. Co. (supra)* is clearly applicable to the case at bar.

The crucial issue in the prior administrative proceeding was whether the plaintiff was discharged by reason of certain

specific misconduct arising out of the July 20, 1983, incident, as claimed by the defendant, and therefore not entitled to unemployment benefits. The Administrative Law Judge specifically found, based on the credible evidence, that the plaintiff was not guilty of such misconduct as claimed by the defendant. That determination is conclusive between the parties to this action who appeared at the hearing before the Administrative Law Judge, and is dispositive of the defense of discharge for proper cause arising out of the July 20, 1983, incident, which the defendant now seeks to interpose in its late answer. Additionally, the record shows that the defendant had "a full and fair opportunity at the prior administrative proceeding to litigate the question of [the plaintiff's] misconduct" and the defendant has "failed to demonstrate otherwise" *(Ryan v New York Tel Co., supra,* p 503). Therefore defendant is precluded by the principle of collateral estoppel from defending the instant action based on the defense of discharge for proper cause arising out of the July 20, 1983, incident *(see also, Samhammer v Home Mut. Ins. Co.,* 120 AD2d 59).

By referring to the decisions in *Parker v Borock* (5 NY2d 156), *Arizaga v New York Health & Hosps. Corp.* (96 AD2d 457), and *Meyers v Sunnydale Farms* (NYLJ, Sept. 9, 1986, p 14, cols 3-6; p 15, col 1 [Sup Ct, Kings County, Morton, J.]). the majority is apparently of the view that a second meritorious defense can be demonstrated in this case, i.e., the plaintiff's lack of standing to bring the action. However, that defense is not specifically raised in the defendant's moving papers, and indeed, the defendant's proposed answer, annexed to its motion papers, does not contain such a defense. Accordingly, it has been waived (CPLR 3211 [a] [3]; [e]; *Matter of Prudco Realty Corp. v Palermo,* 60 NY2d 656).

In conclusion, since the defendant has failed in its motion papers to demonstrate a meritorious defense to the instant action, its motion for an extension of time to answer should be denied and the plaintiff's cross motion for leave to enter a default judgment against the defendant should be granted.