■ In the Matter of CITY UNIVERSITY OF NEW YORK, Respondent, v MARVA BANKS-FRETHEIM, Appellant.—Judgment (denominated order) of the Supreme Court, New York County (Shirley Fingerhood, J.), entered August 9, 1989, which granted the petition pursuant to CPLR 7503 (b) for a stay of arbitration, unanimously affirmed, without costs and without disbursements.

Respondent Marva Banks-Fretheim, a former nursing professor, was denied tenure by petitioner the City University of New York. Step 1 and step 2 grievance hearings were brought on respondent's behalf pursuant to a collective bargaining agreement between the university and respondent's union, the Professional Staff Congress (PSC). Under the collective bargaining agreement, respondent had the choice of either filing the grievance individually or through PSC. Respondent elected to have PSC file her step 1 grievance. On the denial of the step 1 grievance, PSC filed the step 2 grievance. When this second grievance proved unsuccessful, PSC declined to demand arbitration.

The collective bargaining agreement expressly precludes

respondent from individually seeking arbitration after a union bargaining representative has brought a step 2 grievance on her behalf. Nonetheless, respondent argues, for the first time on appeal, that the collective bargaining agreement is not binding because PSC breached the agreement by filing the step 2 grievance without her authorization. A review of the record indicates this claim is meritless. The collective bargaining agreement contains no provision requiring the union representative who has brought a step 1 grievance on a grievant's behalf to seek the grievant's authorization prior to filing a step 2 grievance. Moreover, respondent's claim is belied by the fact that she participated at the step 2 hearing without objection.

Respondent also argues that she should not be precluded by the terms of the collective bargaining agreement from seeking arbitration because the union representative, PSC, failed to provide her fair and diligent representation at the grievance steps. However, respondent's remedy, if any, lies against PSC. *(See, Parker v Borock,* 5 NY2d 156; *Arizaga v New York City Health & Hosps. Corp.,* 96 AD2d 457.) Concur—Murphy, P. J., Carro, Ellerin, Wallach and Smith, JJ.