■ MICHAEL ZACHRY, Appellant, v COUNTY OF NASSAU, Defendant, and MASSAPEQUA GENERAL HOSPITAL, Respondent.— In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated June 26, 1989, which, upon renewal and reargument, granted the defendant Massapequa General Hospital's motion to vacate its default in answering.

Ordered that the order is affirmed, with costs.

The issue of whether a default should be vacated is a matter within the sound discretion of the trial court *(see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693).

In the instant case, the defendant Massapequa General Hospital contracted with National Emergency Services (hereinafter NES) to provide medical doctors in its emergency room. From the time it became aware of the action pending against it, the hospital sought to have NES assume its defense. The plaintiff's attorney was fully apprised of the hospital's efforts to have an answer interposed by the proper party. At the time of the hospital's original motion to vacate the default in answering, it was attempting to obtain an affidavit from the acting director of emergency room services, who was an employee of NES. Due to the conflicting positions between the hospital and NES, such an affidavit could not be obtained. When the hospital changed counsel, these facts were brought to the court's attention.

Under the circumstances, we find that the hospital's proof of a reasonable excuse and a meritorious defense was sufficient *(see, Stewart v Warren,* 134 AD2d 585). Moreover, the hospital "had clearly indicated its intent to defend the action, the delay in serving the answer was brief and nondeliberate, and the plaintiff was not prejudiced by the delay" *(Dusovic v New Jersey Tr. Bus Operations,* 124 AD2d 634, 635; *see, Patterson v Town of Hempstead,* 104 AD2d 975). Accordingly, the Supreme Court did not improvidently exercise its discretion in vacating the hospital's default upon renewal and reargument. Mangano, P. J., Bracken, Lawrence and Kunzeman, JJ., concur.