In the Matter of the Estate of MORTON B. MARSHALL, Deceased.

Surrogate's Court, New York County, January 17, 1933.

*Wagner, Quillinan & Rifkind* [*Francis J. Quillinan* of counsel], for the petitioner.

*John J. Kirby,* for the respondent.

FOLEY, S. This is an application by a grandnephew of the decedent, on behalf of himself and his brother and sister, for leave to intervene in the administration proceeding and to compel the filing by the administratrix of an additional bond. The application is denied. I hold that under the provisions of section 83, subdivision 4 (former section 98, subdivision 3), of the Decedent Estate Law the petitioner and his brother and sister are not persons interested in the estate. Under that subdivision of section 83, the real property of a decedent, not devised, and the surplus personal property, after payment of debts and legacies, not bequeathed, are disposed of as follows:

" 4. If the deceased leaves a surviving spouse, and no descendant, parent, brother or sister, nephew or niece, the surviving spouse shall be entitled to the whole thereof; but if there be a brother or sister, nephew or niece, and no descendant or parent, the surviving spouse shall take ten thousand dollars and one-half of the residue, and the balance shall descend and be distributed to the brothers and sisters and their representatives."

The decedent was survived by his widow. He left no " parent, descendant, brother or sister, nephew or niece." The first clause of subdivision 4 is, therefore, applicable here. Under its provisions, the entire estate passed to the decedent's widow. The language of this portion of subdivision 4 is clear and explicit. A grandnephew or grandniece in such case is not a next of kin entitled to participate in the distribution of the estate. Nor has he or she any interest by virtue of the provisions of the second portion of that subdivision. It is only where a decedent is survived by a spouse *and* a brother or sister, nephew or niece that a representative of a brother or sister, which includes a descendant of a deceased nephew or niece, is entitled to share in the estate. Whatever may have been the underlying reasons for this apparent inconsistency in the statute, it may not be remedied by implication or judicial amendment, but must be changed by appropriate legislative enactment. The language of the statute is unambiguous.

Submit order on notice denying the application accordingly.