In the Matter of the Estate of ANNIE BRYAN MELVIN MARTIN, Deceased.

Surrogate's Court, Richmond County, March 31, 1939.

*Frank I. Smith,* for the petitioner.

*James M. Braisted, Jr.,* for the estate of Annie Bryan Melvin Martin, deceased.

BOYLAN, S. This motion is made to require the administrator to file an amended petition showing the names of all the distributees of the estate of said decedent or in the alternative for a citation to issue to the said administrator to show cause why proof should not be taken in relation to the names of the distributees of the estate of said decedent. Surviving the deceased is her husband, one nephew, two nieces, one grandnephew and three grandnieces.

The administrator admits the relationships as set forth in the petition but contends that grandnephews and grandnieces are not distributees under subdivision 4 of section 83 of the Decedent Estate Law.

By chapter 229 of the Laws of 1929, subdivision 3 of section 98 of the Decedent Estate Law was amended and renumbered subdivision 4 of section 83, which reads as follows:

"4. If the deceased leaves a surviving spouse, and no descendant, parent, brother or sister, nephew or niece, the surviving spouse shall be entitled to the whole thereof; but if there be a brother or

sister, nephew or niece and no descendant or parent, the surviving spouse shall take ten thousand dollars and one-half of the residue, and the balance shall descend and be distributed to the brothers and sisters and their representatives."

Are grandnieces and grandnephews representatives of brothers and sisters under this subdivision? In *Matter of Marshall* (146 Misc. 601; affd., 239 App. Div. 768) the first clause of subdivision 4 of section 83 was before the court. Mr. Surrogate FOLEY held that grandnephews and grandnieces were not entitled to participate in the distribution of the estate where the decedent was survived by a widow and no descendant, parent, brother or sister, nephew or niece, but the entire estate passed to the widow. In his opinion Surrogate FOLEY wrote: " It is only where a decedent is survived by a spouse *and* a brother or sister, nephew or niece that a representative of a brother or sister, which includes a descendant of a deceased nephew or niece, is entitled to share in the estate." This is purely dicta and this court cannot follow the same on the theory of *stare decisis*. The case of *Doughty* v. *Stillwell* (1 Bradf. 300) held that where an intestate left surviving him a widow, nephew and nieces, grandnephews and grandnieces, the widow was entitled to take one-half of the intestate personal estate and $2,000 of the remainder and the nephews and nieces took the balance of the remainder.

From the reports of the Commission to Investigate Defects in the Law of Estates, which reports show the descent and distribution under section 83 of the Decedent Estate Law after September 1, 1930, the court gathered that in a similar situation as the case at bar $10,000 and one-half of the residue went to the husband and one-half of the residue went to the brothers, sisters or their *descendants*. The court agrees with the dicta in *Matter of Marshall* (*supra*) and distinguishes the case of *Doughty* v. *Stillwell* (*supra*) from the case at bar. The *Doughty* case was decided in 1850, at which time the statute read, " and the remainder shall be distributed to the brothers and sisters and their representatives." The court held that the grandnephews and grandnieces could not take, the reason being that subdivision 11 of the same section read, " No representation shall be admitted among collaterals, after brothers' and sisters' children." This court holds that under the second clause of subdivision 4 of section 83 of the Decedent Estate Law, grandnephews and grandnieces are distributees provided there be a " brother or sister, nephew or niece and no descendant or parent."

Submit order granting application.