## SECOND DEPARTMENT, MAY, 1978

### (May 1, 1978)

■ CHARLES BEAUDRIE, Appellant, v CHARLES KOLTZ, Respondent.—In an action to recover damages for breach of contract, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County, entered October 28, 1977, as (1) required plaintiff to reconvey the real property which is the subject of the action to the defendant without requiring that defendant first pay the damages awarded against him and (2) awarded costs and disbursements to the defendant. Judgment modified, on the law and in the interests of justice, by (1) deleting from the second decretal paragraph thereof the words "within thirty (30) days after the entry of this Judgment", and substituting therefor the words "upon tender by the defendant to plaintiff of payment in full of the afore-mentioned amount of $10,206.25" and (2) deleting the fourth decretal paragraph thereof. As so modified, judgment affirmed insofar as appealed from, with costs payable to plaintiff-appellant. The contract provided that, at plaintiff's request, the defendant would repurchase the subject property. The trial court found that plaintiff had made such a request in the manner provided for in the agreement, but that the defendant had failed to comply. Judgment was entered in plaintiff's favor in the amount of $10,206.25. That amount included the purchase price of the property and certain other expenses for which the defendant was liable under the terms of the contract and also included an award of costs and disbursements to plaintiff. The judgment further required plaintiff to reconvey the property to the defendant within 30 days. The reconveyance should have been made conditional on tender by defendant of the full amount of the judgment. The judgment further provided for an award of costs and disbursements to the defendant. This was error. CPLR 8103 authorizes an award of costs to both plaintiff and defendant only where the defendant prevails on a cause of action which is not substantially the same as the cause of action upon which the plaintiff recovered. In this case there was but one cause of action asserted, and that was by the plaintiff for breach of the contract. Plaintiff prevailed and defendant lost. Under these circumstances an award of costs and disbursements to the defendant was not authorized. Martuscello, J. P., Latham, Damiani and Rabin, JJ., concur.

■ NAT BERLAND, Respondent, v CHARLES FINE, Appellant.—In a medical malpractice action, defendant appeals from an order of the Supreme Court, Kings County, dated September 23, 1977, which denied his motion to dismiss the action for failure to serve a complaint (see CPLR 3012, subd [b]). Order reversed, on the law and as a matter of discretion in the interest of justice, without costs or disbursements, and motion granted. In the light of the delay of more than 30 months in complying with defendant-appellant's demand for the service of a complaint, and the inadequate excuse offered, it was an abuse of discretion to deny the motion to dismiss the action pursuant to CPLR 3012 (subd [b]). Hopkins, J. P., Martuscello, Shapiro and O'Connor, JJ., concur.