■ SHELDON ODESS, Respondent, v MEDICAL CENTER, TEAMSTER LOCAL 1034, Defendant, and STEVEN ELEEW et al., Appellants.—In a medical malpractice action, the individual defendants appeal from an order of the Supreme Court, Kings County, dated March 10, 1978, which (1) denied their motion to dismiss the action for failure to serve a complaint (see CPLR 3012, subd [b]), and (2) granted plaintiff's cross motion for leave to serve a complaint. Order reversed, on the law, without costs or disbursements, motion granted, and cross motion denied. In our opinion, the extended illness and depression of plaintiff's attorney caused by the death of his wife some years before, was insufficient reason to justify the more than 30-month delay in complying with appellants' demand for service of a complaint. Accordingly, the denial of appellants' motion to dismiss the action pursuant to CPLR 3012 (subd [b]) constituted an abuse of discretion (see *Berland v Fine,* 63 AD2d 642, in which the plaintiff was represented by the same attorney as represents the plaintiff herein). Damiani, J. P., Titone and Shapiro, JJ., concur.

Suozzi, J., dissents and votes to modify the order appealed from by adding thereto a provision imposing a penalty of $250 on plaintiff's attorney, personally payable to appellants, and, as so modified, to affirm the order, with the following memorandum: The majority is of the view that Special Term erred in permitting plaintiff leave to serve his complaint upon appellants in view of the fact that prior service of the complaint was made by plaintiff's counsel upon defense counsel and rejected more than 30 months after the latter had made a demand for the complaint. Specifically, the majority rejects the reason offered for the delay in serving the complaint, i.e., the extended illness and depression of plaintiff's attorney caused by the death of his wife some years before. Special Term was of the view that plaintiff had demonstrated a meritorious cause of action and that his attorney's illness was a valid excuse for the delay. In granting the plaintiff's motion it stated: "The general policy of the courts is to permit actions to be tried on the merits and a liberal policy has been adopted in respect to a default where there appears to be a meritorious cause of action and a valid excuse to avoid the harsh penalty of dismissal on a litigant for his lawyer's failures (citations omitted)." I agree with the holding of Special Term.

Under all of the circumstances presented herein, including the lack of any demonstrable prejudice to appellants, and the uncontradicted indication that the neglect of plaintiff's attorney was attributable to the latter's illness and depression over his wife's death, it is more appropriate to invoke the holding of *Moran v Rynar* (39 AD2d 718, 719) and "save the action for the client, while imposing upon the attorney, personally, a penalty for his neglect". Indeed, this very approach of preserving a client's day in court when it has been jeopardized by his attorney's neglect was adopted by this court in the case of *Shapiro v Silverstein* (66 AD2d 1036), which was heard by this court on the very same day as the case at bar. In *Shapiro v Silverstein (supra),* Special Term granted plaintiffs' motion to restore their case to the Ready Day Trial Calendar on condition that plaintiffs' attorney personally pay $250 to defendants' attorney. In so holding, Special Term in *Shapiro v Silverstein* stated that "plaintiffs should not be penalized by counsel's failures." This court affirmed the order of Special Term and, in this regard, it should be noted that the delay caused by counsel's conduct in *Shapiro v Silverstein* was no less severe and the explanation for that delay no more valid than in the case at bar (see, also, *Kahn v New York Univ. Med. Center,* 60 AD2d 862, 963 [dissenting mem of Suozzi, J.]).