FIRST DEPARTMENT, APRIL, 1982

(April 1, 1982)

MAX TEICHMAN et al., Respondents, v SEYMOUR GENDELMAN, Defendant, and ORTERN INVESTORS CORP., Appellant. — Order, Supreme Court, New York

County (A. Klein, J.), entered December 2, 1981, denying defendant Ortern's motion to vacate its default unanimously reversed, on the law and in the exercise of discretion, motion granted with leave to serve its answer within 20 days after service of a copy of the order to be entered herein and upon condition that $250 costs be paid to the plaintiffs within that time limit, without costs. The original summons and complaint, verified by plaintiffs' attorney, were served upon Ortern Investors Corp. on June 20, 1980, through service upon the Secretary of State. The original summons and complaint were never received by Ortern because it had changed address without filing an amendment of its certificate of incorporation. Ortern had filed a certificate of dissolution on February 8, 1980. An order granting a default and directing an assessment was entered on or about August 18, 1981. The original complaint alleges that plaintiff Max Teichman was injured on July 19, 1978 when he was caused to trip and fall while entering the offices of Dr. Seymour Gendelman. No details of the occurrence are given. It is alleged that, at the time of the occurrence, Ortern owned and operated the building. Joseph Greenberg submitted an affidavit in support of Ortern's motion to vacate its default. Greenberg states that he is house counsel to Lord Management Corp. and was house counsel to Ortern. He also states that he is an assistant secretary to Lord and was an assistant secretary to Ortern. Greenberg states that Ortern only learned of this action on June 16, 1981, the date Lord was served with the supplemental summons and the amended complaint. Greenberg asserts that Ortern has a meritorious defense. He avers that the premises were properly owned, managed, maintained, operated and controlled by Ortern and Lord on the date of the occurrence. Upon this record, we cannot say that Ortern acted intentionally in failing to file a change of address with the Secretary of State. Therefore, upon the facts in this case, we shall excuse the default (*Reid v Delsener Enterprises,* 84 AD2d 712, app dsmd 55 NY2d 1037). With regard to the merits of the case, plaintiffs have yet to specify, either in the original complaint or in an affidavit upon this motion, how the injury actually occurred. Upon this state of the record, Greenberg can do no more than aver that the premises were in proper condition. Greenberg's affidavit will thus be treated as sufficient to create a meritorious defense for purposes of the motion. Because Ortern's failure to file a change of address delayed this action and inconvenienced the plaintiffs, the default is opened on condition that $250 costs be paid to the plaintiffs. Concur — Murphy, P. J., Sandler, Lupiano, Bloom and Milonas, JJ.