■ REBA BRANN, as Administratrix of the Estate of HERBERT WALTER, Also Known as HERBERT BRANN, Deceased, v CITY OF NEW YORK et al., Defendants, and PARKWAY HOSPITAL, Appellant. — In a wrongful death action, defendant Parkway Hospital appeals from an order of the Supreme Court, Queens County (Graci, J.), dated August 13, 1982, which, upon deeming plaintiff's motion to renew and reargue a prior motion to dismiss the complaint as to it as one to vacate his default, granted the motion, vacated the default, and denied Parkway Hospital's motion to dismiss the complaint. Order reversed, on the law and the facts and as a matter of discretion, with costs, plaintiff's motion to renew and reargue the order dismissing the complaint denied, and Parkway Hospital's motion to dismiss the complaint as to it granted. This action was commenced in February, 1980 by service of a summons with notice upon defendant Parkway Hospital. A complaint was not served, however, until September, 1980, at which time it was rejected. Thereafter, Parkway moved to dismiss the action as to it for failure to serve a timely complaint. By order dated November 3, 1980 the motion to dismiss was denied upon condition that plaintiff serve a complaint within five days of service of the order with notice of entry. On or about April 8, 1981, following receipt of the complaint, Parkway

served an answer and demand for a bill of particulars. Subsequently, on May 6, 1981, Parkway moved, *inter alia,* for an order of preclusion, based upon plaintiff's failure to serve a bill of particulars. Plaintiff opposed the motion and cross-moved to strike Parkway's answer for failure to comply with a notice of discovery and inspection. By order dated July 6, 1981, Special Term, *inter alia,* denied the cross motion as untimely and granted the motion for an order of preclusion unless plaintiff served a responsive bill of particulars within 30 days after Parkway Hospital furnished plaintiff's counsel with a copy of the plaintiff's decedent's hospital record. Plaintiff's counsel received a copy of the hospital record on October 2, 1981. On December 28, 1981, nearly three months after plaintiff received the hospital record, Parkway Hospital moved to dismiss the complaint for failure to comply with the conditional order of preclusion. In opposition, plaintiff submitted an affidavit of counsel contending that the bill of particulars had now been served and that Parkway Hospital had not been prejudiced by the failure to serve it within the time prescribed by the conditional order of preclusion. By order dated March 3, 1982, Special Term (Graci, J.), granted the motion to dismiss the complaint, finding that plaintiff had defaulted upon the conditional order and had failed to offer a viable excuse for the default and an affidavit of merit. On May 27, 1982, plaintiff moved for renewal and/or reargument of the March 3, 1982 order. In addition to counsel's affirmation, this motion was also supported by an affidavit of plaintiff herself and an affidavit of merit by a physician. By way of an excuse for the failure to comply with the conditional order of preclusion, plaintiff's counsel asserted that the delay in serving the bill of particulars — which counsel conceded constitutes nothing more than law office failure — was occasioned by the failure to have the hospital record promptly reviewed by plaintiff's medical experts. He urged that this delay should be attributed to counsel and the consequence should not fall upon plaintiff. In the order appealed from, dated August 13, 1982, Special Term deemed plaintiff's motion a motion to vacate a default, which it granted, and denied Parkway Hospital's motion to dismiss the complaint as to it, on condition that plaintiff's counsel pay the sum of $750 to Parkway Hospital for its costs and disbursements. We now reverse. Initially we note that notwithstanding Special Term's characterization of the instant application, it is in fact a motion, based upon new facts, for renewal of the motion to dismiss the complaint as to Parkway Hospital (CPLR 2221). In our view, it was an abuse of discretion to vacate the order dated March 3, 1982, dismissing the complaint, and to relieve plaintiff from its default in complying with the conditional order of preclusion. Plaintiff was afforded 30 days from the time the hospital record was received within which to prepare and serve a bill of particulars. Instead, she took over three months to serve the bill of particulars and, in fact, did not act until after Parkway Hospital had moved to dismiss the complaint. Since no excuse was offered in opposition to the hospital's initial motion — lack of prejudice to Parkway Hospital not being an excuse — and no affidavit of merit was submitted, Special Term correctly granted the motion to dismiss the complaint (*Amodeo v Radler,* 89 AD2d 594, affd 59 NY2d 1001; see, also, *Marabella v Lundy,* 60 NY2d 581). As to the instant application, a motion to renew must be based upon material facts which existed at the time the motion was made, but for some reason were not then known to the party seeking leave to renew, and were not made known to the court (*Foley v Roche,* 68 AD2d 558; see, also, *Barry v Good Samaritan Hosp.,* 86 AD2d 853). While a court in its discretion may now consider law office failure — here the failure of plaintiff's attorney to have a hospital record promptly reviewed by his medical experts and to timely serve a bill of particulars — as an excuse for a default (CPLR 2005, 3012, subd [d], added by L 1983, ch 318), plaintiff has failed to make a sufficient showing as to

why no proper excuse was offered or affidavit of merit submitted in opposition to the initial motion to dismiss the complaint as to Parkway Hospital. Accordingly, notwithstanding the belated offer of an excuse and affidavit of merit on this motion to renew, Special Term erred in granting the motion. Mangano, J. P., Gibbons, Brown and Niehoff, JJ., concur.