■ ROBERT LA BUDA, Respondent, v BROOKHAVEN MEMORIAL HOSPITAL MEDICAL CENTER, Respondent, and ABRAHAM COHEN et al., Appellants, et al., Defendant. — In a medical malpractice action to recover damages for personal injuries, defendants Cohen, Kane and Finkelstein appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 15, 1983, as denied their motion for summary judgment dismissing the complaint as to them based on plaintiff's failure to supply a bill of particulars as required by a conditional order of preclusion, provided plaintiff paid the appellants the sum of $500. Order reversed insofar as appealed from, on the law, without costs or disbursements, and appellants' motion for summary judgment granted. In recently enacting CPLR 2005 (L 1983, ch 318), the Legislature effectively overruled the rigid approach to both pleading defaults and defaults in connection with other intra-action procedures caused by law office failure set forth in *Barasch v Micucci* (49 NY2d 594), *Eaton v Equitable Life Assur. Soc.* (56 NY2d 900) and their progeny (*S. G. S. G. Constr. Corp. v Marr,* 96 AD2d 937; *Brann v City of New York,* 96 AD2d 923). The new legislation rejected the proposition that law office failure is an insufficient excuse as a matter of law and restored to the courts the discretion possessed prior to *Barasch (supra).* Accordingly, law office failure may now again be weighed along with several other relevant factors in determining motions to open defaults of this nature, i.e., the particular excuse for the delay, the merits of the action, if any, as demonstrated by an affidavit containing evidentiary facts and attested to by an individual with personal knowledge of those facts, the length of the delay and seriousness of the injury (*Odess v Medical Center,* 67 AD2d 941; *Batista v St. Luke's Hosp.,* 46 AD2d 806; *Moran v Rynar,* 39 AD2d 718; *Sortino v Fisher,* 20 AD2d 25). However, it was not the intent of the new legislation to routinely excuse defaults. In the case at bar, the plaintiff's attorney failed to respond to a demand for a bill of particulars which was served by appellants on or about March 1, 1982 and required an answer within 10 days after receipt of the demand. Appellants' counsel moved to preclude by notice dated May 20, 1982. The motion was not decided until July 1, 1982 and during this period, no bill was served by plaintiff. Special Term granted the appellants' motion to preclude unless a bill of particulars was served within 30 days after service of a copy of the order, with notice of entry. On July 21, 1982, service of a copy of the order, with notice of entry, was made upon plaintiff. Again, no bill of particulars was timely served, whereupon the instant motion by appellants for summary judgment was brought on or about January 27, 1983. In opposing appellant's motion for summary judgment, plaintiff's counsel offered no excuse for the lengthy delay in serving the bill of particulars, much less an excuse based on law office failure. Moreover, the papers submitted to Special Term in opposition to appellants' motion were devoid of any affidavit of merit containing evidentiary facts and attested to by an individual with personal knowledge of those facts. Indeed it appears that the plaintiff's proposed bill of particulars was not even submitted to Special Term. Under these circumstances, appellants' motion for summary judgment should have been granted (*Brann v City of New York, supra; cf. Batista v St. Luke's Hosp.,* 46 AD2d 806, *supra*). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.