■ JAMES L. GULLEDGE, Appellant, v ROBERT D. ADAMS, Respondent. — Weiss, J. Appeal from an order of the Supreme Court at Special Term (Bryant, J.), entered January 10, 1984 in Tompkins County, which granted defendant's motion for renewal of a prior motion to vacate a default judgment, and upon renewal, vacated the judgment.

The complaint alleges that the parties entered into a real estate and management partnership pursuant to an oral agreement and that defendant wrongfully holds title to certain real and personal property acquired by the partnership. Plaintiff seeks the appointment of a receiver, an accounting, the impression of a constructive trust upon partnership assets and money damages. Discovery was completed and a note of issue filed. When this "standards and goals" case was reached for nonjury trial, neither defendant nor his attorney of record appeared and a default judgment was granted after an inquest. Thereafter, by order dated October 3, 1983, defendant's CPLR 5015 motion to vacate the default was denied on the ground that the default was inexcusable. In addition, the lis pendens which had been filed was extended for three years. Defendant's new counsel moved by order to show cause dated October 28, 1983 to renew his motion seeking vacatur of the default. Special Term granted renewal and vacated the default and the extension of the lis pendens. Special Term also restored the case to the Trial Calendar and imposed a sanction of $500 against defendant or his former attorney, payable to plaintiff as costs. This appeal by plaintiff ensued.

Essentially, plaintiff contends that Special Term erred in vacating the default judgment because defendant failed to offer a new excuse for the default and, further, failed to explain why the additional information offered in the renewal motion, relating mostly to the issue of a meritorious defense, was not presented on the original application. A motion to renew must be premised on either newly discovered evidence or material facts, existing at the time of the original application, which were not known to the party seeking leave to renew and not before the court (*Brann v City of New York,* 96 AD2d 923, 924). A valid excuse must be presented as to why the new information was not offered on the initial application (*Foley v Roche,* 68 AD2d 558). Here, the affidavits supporting defendant's renewal motion set forth material facts relating to a meritorious defense that clearly were available at the time of the original motion. We do not consider the previously unavailable transcript of plaintiff's

testimony on the damage inquest to qualify as newly discovered evidence. Further, defendant has not presented any explanation as to why this new information was not presented in the earlier motion, as is required (*see, Champlain Val. Elec. Supply Co. v Miller,* 89 AD2d 1036, 1037). Consequently, defendant failed to present a sufficient evidentiary basis for renewal.

This determination, however, does not end our inquiry under the peculiar situation presented. Although review of the original motion shows that Special Term denied the request for vacatur on the basis of inexcusable default, the renewal motion and the order under review focus primarily on the issue of a meritorious defense. In our view, the "renewal" motion was, in essence, simply a request to reconsider the court's earlier decision, i.e., for reargument.* A party's characterization of a motion as one to renew or reargue is not determinative of its true nature (*Smith v Smith,* 97 AD2d 932, 933). Here, the "renewal" motion merely reiterated the original motion, albeit far more specifically. The basic arguments, however, as to both the excuse for default and the meritorious defense were set forth in the original moving papers. Thus, the question becomes whether Special Term properly reconsidered its initial determination.

Without question, a court is no longer precluded as a matter of law from excusing a default resulting from law office failure (*see,* CPLR 2005, 5015 [a]; *Boss v Avoxe Corp.,* 97 AD2d 601; *Upright v City of Kingston,* 96 AD2d 1012). Here, the default related solely to a breakdown in communication due to defense counsel's change in address and failure to file a notice of substitution of counsel. No intent to abandon the defense in this action is discernible and defendant immediately moved for vacatur of the default. In our view, the default was premised on an oversight smacking of law office failure which Special Term was authorized to excuse and did so upon reconsideration. In this light, it remains only to note that defendant's original supporting affidavit provided a viable defense (*see, Fidelity & Deposit Co. v Anderson & Co.,* 60 NY2d 693, 695). It follows that Special Term properly vacated the default judgment. Finally, we find no abuse of discretion concerning either the costs sanction or lis pendens vacatur.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* An order granting a motion to reargue is appealable (*see,* Siegel, NY Prac § 254, at 314 [1978]).