■ FIONA, INC., Respondent, v ANNA CONKLIN et al., Appellants, et al., Defendants. — In an action brought pursuant to RPAPL article 15 to compel a determination of claims to a certain parcel of real property, defendants Anna Conklin and Mabel Topping appeal from an order of the Supreme Court, Suffolk County (Luciano, J.), dated February 27, 1984, which denied their motion to renew their cross motion to vacate their default in serving an answer, and to direct that their answer be deemed served.

Order reversed, on the law and as a matter of discretion, with costs, motion for renewal granted and, upon renewal, appellants' default is vacated and their answer is deemed served.

We conclude that it was an improvident exercise of discretion for Special Term to have denied appellants' application to vacate their default in serving their answer to the complaint on the ground that it was not accompanied by a sufficient affidavit of merits. Appellant Mabel Topping prepared an affidavit in which she states that she and appellant Anna Conklin are the grand-nieces of the decedent who was the original owner of the subject property and, thus, could have an interest in that property pursuant to former Decedent Estate Law § 83, which was in effect at the time of the decedent's death (*see,* 1A Warren's Weed, NY Real Property, Descent, § 1.03 [4th ed]; *Matter of McKeon,* 25 Misc 2d 850; *Matter of Martin,* 170 Misc 813; *Matter of Loglier,* 159 Misc 194; *Matter of Strohmer,* 149 Misc 219). This affidavit, prepared by a party with personal knowledge of the facts contained therein, sufficiently establishes the existence of a meritorious defense to the action in order to support the vacatur of the default at bar (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695; *Weber v Victory Mem. Hosp.,* 98 AD2d 719; *Maze v Di Bartolo,* 97 AD2d 815; *Matter of Levine,* 97 AD2d 545; *Junior v City of New York,* 85 AD2d 683, 684). It is significant in the instant case that plaintiff acknowledged the existence of a "possible fractional claim or interest" in the subject property by appellants when the attorney retained by it wrote a letter to appellant Topping requesting her to execute a quitclaim deed in exchange for $100 prior to the commencement of the instant action. Moreover, vacatur of appellants' default is particularly appropriate at bar, in view of their de minimis delay of several days in serving their answer, which could not possibly have resulted in prejudice to plaintiff (*see, Junior v City of New York, supra*). Weinstein, J. P., Brown, Niehoff and Lawrence, JJ., concur.