■ RICHARD WHITBECK et al., Respondents, v ERIN'S ISLE, INC., Appellant. — Weiss, J. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 3, 1984 in Greene County, which denied defendant's motion to reconsider* its prior motion to vacate a default judgment entered against it.

The facts are relatively simple. Plaintiffs, unable to effect personal service of process upon defendant in an action to recover damages for personal injuries allegedly sustained December 24, 1981 as the result of a fall by plaintiff Richard Whitbeck in the parking lot outside defendant's tavern, effected service upon the Secretary of State on May 5, 1982 pursuant to Business Corporation Law § 306 (b). After the copy of the process sent to defendant's post office address by the Secretary of State by certified mail was not collected by defendant for 15 days, it was returned to the Secretary of State as unclaimed pursuant to postal regulations. The record establishes that defendant's employees simply neglected to collect the mail from the post office. An order granting a default and directing assessment of damages was entered on or about March 11, 1983. Ultimately, a default judgment was granted in the amount of $44,315.75 on October 5, 1983.

On October 14, 1983, a letter written by plaintiffs' attorney addressed to defendant's post office address was admittedly received without delay. The letter included a copy of the judgment. Defendant moved on January 25, 1984 pursuant to CPLR 5015 (a) (1) to vacate the judgment. Defendant submitted the supporting affidavit of Michael Cooper, secretary-treasurer of the corporation, who asserted that process had never been received and maintained, upon information and belief, that plaintiff Whitbeck's injuries were occasioned by his own negligence, and that the potential recovery would be proportionately diminished (CPLR 1411). Special Term denied defendant's motion, finding that a meritorious defense had not been established.

_____

* While it stated in Special Term's decision that the motion was one to reargue, it is clear that the motion was based on new facts and evidence and, thus, was a motion to renew (see, Champlain Val. Elec. Supply Co. v Miller, 89 AD2d 1036, 1037). In fact, Special Term's decision recognized the possibility of treating the motion as one to renew. The distinction is important as no appeal lies from a denial of a motion to reargue (see, Rivertone Corp. v General Thermoforming Corp., 90 AD2d 906, 907).

Shortly thereafter, defendant moved pursuant to CPLR 2221 to reconsider upon the grounds that certain facts relating to the nonreceipt of process had not been brought to the court's attention on the initial motion and that new evidence was available. In his supporting affidavit, Cooper advocated relief pursuant to CPLR 317 instead of CPLR 5015, in an attempt to avoid the necessity of demonstrating a reasonable excuse for the default (*see, Winters v Albany Executive House Apts.,* 102 AD2d 985). In addition, the affidavit of defendant's manager, Alessandro Cance, was submitted relating to his personal observation of plaintiff Whitbeck on the night of the alleged fall. According to the Cance affidavit, Whitbeck was in an intoxicated condition when he entered the bar and, when the bartender refused to serve him, immediately left the bar, staggering while he walked. Cance also averred that a severe ice storm was in progress at the time. Special Term denied the motion for reconsideration finding that no excuse was offered to explain why the manager's belated affidavit was not presented on defendant's initial application. This appeal ensued.

At the outset, we note that defendant's argument concerning the applicability of either CPLR 5015 or CPLR 317 as the standard upon which to consider its motion to vacate the default is misplaced. Special Term premised its refusal on the absence of a meritorious defense, which is required by both statutory provisions. The issue distilled to whether a meritorious defense was adequately presented. Upon the initial order, Special Term correctly concluded that Cooper's affidavit was inadequate. The merits of an action must be demonstrated by an affidavit illustrating personal knowledge of evidentiary facts constituting a valid defense (*see, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695; *Buderwitz v Cunningham,* 101 AD2d 821, 822; *Wall v Bennett,* 33 AD2d 827). Cooper's affidavit merely reflected conclusory assumptions about the accident and injury, and that comparative negligence rules would apply. This is not an instance where the complaint failed to include the details of the fall (*cf. Teichman v Gendelman,* 87 AD2d 745 [no details of fall included]), nor did defendant even aver that the premises were in proper condition. Moreover, the vacatur motion was delayed more than three months during which period a full investigation of the incident could easily have been conducted.

Turning to the motion for reconsideration, the basic rule is that "[r]enewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application" (*Foley v Roche,* 68 AD2d 558, 568). As indicated, this motion was in reality one to renew inasmuch as

the affidavits of both Cooper and Cance set forth new facts and evidence available at the time of the original motion. Cooper's affidavit finally explained the reason why process was not received, to wit: defendant's employees' failure to pick up the mail. More importantly, Cance's affidavit clearly sets forth facts supporting a meritorious defense. Thus, the requirements of both CPLR 5015 and CPLR 317 have now been satisfied. We recognize that defendant failed to offer any explanation in its papers before Special Term as to why this information was not presented in the earlier motion as is required (*see, Champlain Val. Elec. Supply Co. v Miller,* 89 AD2d 1036, 1037; *cf. Union Indem. Ins. Co. v 10-01 50th Ave. Realty Corp.,* 102 AD2d 727). Nonetheless, in view of the clearly meritorious defense presented and the viable excuse for failure to receive service of process in the first instance, we exercise our discretion to treat defendant's motion as one to renew, and upon renewal, vacate the default judgment (*see, Holdorf v Oneonta Urban Renewal Agency,* 99 AD2d 865; *Vitale v La Cour,* 96 AD2d 941; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865, 866). In so doing, however, we deem it appropriate to impose costs of $750 personally against defendant's attorney to compensate for the inconvenience and additional legal work resulting from the delay.

Order reversed, on the facts, without costs, and defendant's motion to vacate the default judgment granted, on condition that defendant's attorney pay to plaintiffs the sum of $750 within 20 days after service of a copy of the order to be entered upon this decision. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.