■ In the Matter of JOSE SANCHEZ et al., Appellants, v NEW YORK STATE TAX COMMISSION, Respondent.—Casey, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered March 12, 1984 in Albany County, which denied petitioners' motion for leave to renew or reargue a judgment of said court dismissing petitioners' application, in a proceeding pursuant to CPLR article 78.

In this CPLR article 78 proceeding, petitioner Jose Sanchez (hereinafter petitioner) attacks a determination of respondent which considered an arbitration award received by him in 1975 to be "back pay" and, therefore, includable in petitioner's gross income for tax purposes in that year.

Petitioner received the award in 1975 on his claim against his employer for wrongful discharge. Petitioner apportioned the award on his Federal and State income tax returns between 1974 and 1975 as "back pay" earned in those years. In 1977, respondent assessed a deficiency against petitioner for 1975, concluding that the entire award, consisting of some $16,000, was includable in petitioner's gross income in the year received. Apparently after consultation, the Internal Revenue Service (IRS) approved petitioner's claim for a refund for 1974 and 1975, concluding that the arbitration award was excluded from gross income. Respondent ruled that the award was includable in petitioner's 1975 gross income because it was not received by petitioner "on account of personal injuries; nor was the award granted in payment of damages to petitioner's personal * * * reputation * * * [but rather] the arbitration award was essentially back pay".

By judgment entered July 26, 1983, Special Term confirmed respondent's determination and dismissed the petition. Without appealing this judgment, petitioner, on August 26, 1983, moved to renew or reargue the same. By order entered March 12, 1984, Special Term denied petitioner's motion and petitioner filed a notice of appeal dated April 4, 1984 attempting to appeal both the order denying his motion and the judgment dismissing his petition. By the lapse of more than 30 days between the entry of judgment and the taking of this appeal, petitioner has lost his right to appeal that judgment (CPLR 5513 [a]). Inasmuch as "no appeal lies from a denial of a motion to reargue" (Whitbeck v Erin's Isle, 109 AD2d 1032, n), it is important to determine whether petitioner's motion is one for renewal or reargument.

Petitioner seems to restrict his appeal to an improper denial of his motion to reargue. His affidavit contains additional proof consisting of alleged defamatory statements made by his employer to the Unemployment Insurance Division of the State Department of Labor. Any such statements, however, did not form the basis of the arbitrator's award. The arbitrator concluded merely that "it has not been properly proved that * * * [petitioner] was guilty of any of the alleged acts of insubordination charged against him and he was therefore discharged without reason or just cause". Clearly, the award was for wrongful discharge and not for defamation. The alleged libelous statements are, therefore, irrelevant to the case presented and petitioner's motion can not be considered a motion to renew (see, Brann v City of New York, 96 AD2d 923, 924; Foley v Roche, 68 AD2d 558, 568). At best, it was a request for an opportunity to establish that Special Term had overlooked the relevant facts and misapplied controlling principles of law. Petitioner's motion was, therefore, a motion to reargue (Foley v Roche, supra), the denial of which is not appealable (Whitbeck v Erin's Isle, supra). Accordingly, the appeal should be dismissed.

Appeal dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.