■ R. M. R. RESTAURANT, INC., Respondent, v BYGAPH CORPORATION, Appellant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered December 12, 1984 in Delaware County, which partially denied defendant's motion to vacate a default judgment.

In October 1981, defendant entered into a contract to purchase a restaurant in New York City owned by plaintiff. Pursuant to the agreement, defendant assumed two of plaintiff's outstanding bank loans. Thereafter, the parties amended the agreement by executing a security agreement in the nature of a chattel mortgage in plaintiff's favor and a sublease, with plaintiff as landlord and defendant as tenant. In June 1984, plaintiff received notice from both lending institutions that defendant was in default for nonpayment. By letter dated June 26, 1984, plaintiff demanded that defendant cure the defaults pursuant to the terms of the sublease, which specifically provided for termination upon default. When defendant failed to comply, plaintiff commenced the instant action seeking reimbursement on both bank loans and recovery of the property. After joinder of issue, plaintiff's motion for summary judgment was made returnable at Special Term in Delaware County on September 26, 1984 at 9:30 A.M. The motion was granted in full without opposition, although it appears that defendant's papers in opposition were delivered to the courthouse at approximately 10:30 A.M. on the return date. Defendant's prompt motion to vacate the default judgment was granted only to the extent that money damages had been awarded.

On this appeal, defendant urges that Special Term erred in failing to vacate the entire judgment. There is little question that Special Term recognized a viable excuse for defendant's delay in submitting its opposition papers and we concur. The

issue distills to whether a meritorious defense was adequately presented. In his supporting affidavits, defendant's vice-president/treasurer urged that, despite the language of the sublease, default did not work an immediate divestiture of its right to possession, since the sublease did not create a true landlord-tenant relationship and was merely intended to afford plaintiff a potential remedy to insure satisfaction of the outstanding loans. In this latter respect, defendant noted that it entered into a contract to sell the restaurant to a third party, which would accept an assignment of both loan agreements with the acquiescence of the two lending institutions. In its brief, defendant emphasizes that to allow plaintiff to retain unqualified possession would essentially work a windfall in its favor not intended by either party. In our view, defendant's opposition papers sufficiently establish a *possible* meritorious defense. Although this determination is ordinarily "left to the discretion of the lower courts" *(Barasch v Micucci,* 49 NY2d 594, 599), given the rather peculiar factual situation presented, we elect to exercise our discretion to vacate the entire default judgment *(see, Whitbeck v Erin's Isle,* 109 AD2d 1032, 1034; *Gulledge v Adams,* 108 AD2d 950; *Fiona, Inc. v Conklin,* 108 AD2d 839).

Order modified, on the facts, without costs, by reversing so much thereof as denied defendant's motion regarding the possession of property; motion granted in its entirety and default judgment vacated; and, as so modified, affirmed. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.