■ MATZEN CONSTRUCTION, INC., Respondent, v DAVID E. HALE et al., Appellants.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered June 19, 1984 in Rensselaer County, which denied defendants' motion to vacate a default judgment of foreclosure and sale under a mechanic's lien.

On May 27, 1980, plaintiff commenced this action to foreclose a mechanic's lien upon defendants' residence. The lien had been filed for nonpayment of money due under a contract to build the house. Defendants appeared by counsel and interposed a counterclaim in their answer. Examinations before trial were had, a bill of particulars served and a note of issue filed on June 19, 1981. In November 1981, defendants discharged their attorneys and, on January 15, 1982, said attorneys obtained an order relieving them and fixing their fee due for services in this action. On February 5, 1982, plaintiff successfully moved for an amended order which provided that in the event new counsel had not appeared on behalf of defendants within 30 days after service of the amended order by certified mail, defendants shall be deemed to have appeared *pro se* and service of all papers could be made directly upon them. On February 25, 1982, a petition in bankruptcy was filed on defendants' behalf by their present counsel, listing plaintiff as a creditor. By order made August 29, 1983, the automatic stay in bankruptcy was "lifted" permitting plaintiff to proceed with litigation in the Supreme Court and the case was ordered restored to the Supreme Court, Rensselaer County, calendar. A copy of said order was served upon defendants by mail by the Clerk of the Bankruptcy Court on September 27, 1983. By notice dated October 17, 1983 and served on defendants by mail, plaintiff noticed the case for trial in Supreme Court, Rensselaer County, on December 5, 1983. Plaintiff proceeded on December 7, 1983 by inquest upon defendants' failure to appear, and a judgment of foreclosure and sale was granted on January 19, 1984. Special Term denied defendants' motion to vacate the judgment, giving rise to this appeal.

To qualify for relief from an excusable default pursuant to

CPLR 5015 (a) (1), a defendant is required to supply both a "reasonable excuse for the default and an affidavit of merits from a person competent to attest to the meritorious nature of the [defense]" *(Elgart v Raleigh Hotel Corp.,* 115 AD2d 165; *see also, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695). Here, defendants allege that they never received either the Bankruptcy Court's order vacating the stay and transferring the foreclosure action back to the Supreme Court, Rensselaer County, calendar or plaintiff's notice of trial. As to the former, orders of the Bankruptcy Court are required to be sent by the Clerk of the court by ordinary mail *(see,* Bankruptcy Rules 9022 [a]; 7005; Fed Rules of Civ Prac, rule 5), and there is no reason offered to explain why this particular mailing should not have been received by either defendants or their attorneys. The record contains an affidavit from Jerome D. Brownstein, one of plaintiff's attorneys, attesting to service of the notice of trial upon defendants by regular mail on October 17, 1983. Whether defendants actually received these services by mail presented a matter of credibility for resolution by Special Term. In view of the facts presented, we cannot say that Special Term abused its discretion in disregarding defendants' proffered explanations *(Tucker v Rogers,* 95 AD2d 960, 961), a conclusion which would ordinarily constrain us to affirm the order.

This determination, however, does not end our inquiry under the peculiar situation here presented. Defendants were represented by their present counsel throughout the bankruptcy proceedings, who interposed an answer to plaintiff's verified secured claim and the complaint asserted therein. This answer included four affirmative defenses and a counterclaim, and, in addition, opposed plaintiff's application for an order vacating the stay and returning the foreclosure action to Supreme Court. Therefore, it can hardly be said that plaintiff was not aware that defendants had obtained counsel. No intent to abandon the defense in this action is discernible *(see, Gulledge v Adams,* 108 AD2d 950, 951). In our view, defendants' opposing papers sufficiently established a meritorious defense. Although this determination is ordinarily "left to the discretion of the lower courts" *(Barasch v Micucci,* 49 NY2d 594, 599), given the rather peculiar factual situation presented herein, we elect to exercise our discretion to vacate the default judgment *(R. M. R. Rest. v Bygaph Corp.,* 113 AD2d 994, 995; *see also, Whitbeck v Erin's Isle,* 109 AD2d 1032, 1034; *Gulledge v Adams, supra; Fiona, Inc. v Conklin,* 108 AD2d 839; *appeal dismissed* 65 NY2d 637).

Finally, we reject defendants' contention that the order of the Bankruptcy Court which vacated the stay returned the lawsuit to *status quo ante*. The order provides that "the stay provision of the Bankruptcy Act * * * is hereby lifted, permitting [plaintiff] to continue with the litigation in the Supreme Court". A note of issue had been filed June 19, 1981 and no motion to strike was ever made. Accordingly, the case should be restored to the Trial Calendar of Supreme Court, Rensselaer County, for trial.

Order reversed, on the facts, without costs, motion granted and matter restored to the Supreme Court, Rensselaer County, Trial Calendar. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD B. SPRINGER, Appellant.—Main, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered August 16, 1984, upon a verdict convicting defendant of the crimes of robbery in the second degree and assault in the second degree.

After a jury trial, defendant was found guilty of robbery in the second degree and assault in the second degree and was sentenced as a second felony offender to prison terms of 5½ to 11 years and 2½ to 5 years, respectively. Those terms of imprisonment were to run concurrently with each other and consecutively with a prison term that defendant was then serving.

On appeal, defendant's initial argument is that the proof adduced by the People at trial was insufficient to support the convictions. We disagree. Viewing the evidence in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203), we find ample basis in the record to support the jury's verdict. With respect to both the charge of robbery in the second degree and that of assault in the second degree, the testimony of the victim of these crimes supplies a basis regarding all aspects of the crimes except the assailant's identity. The trial testimony concerning defendant's identity as a perpetrator of the crimes came from several witnesses called by the People, including two witnesses who saw defendant fleeing from the scene and another witness to whom defendant had confessed his involvement in the incident. As previously mentioned, this evidence provides ample basis to support the jury's finding of guilt.

We likewise find unavailing defendant's argument that he was entitled to a jury charge on the crime of assault in the