■ HENRY J. NAHAL et al., Appellants, v C & S BUILDING MATERIALS, INC., Respondent.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Cobb, J.), entered October 11, 1984 in Rensselaer County, which granted defendant's motion to vacate a default judgment entered against it.

In 1980, plaintiffs engaged a contractor to insulate their home with materials purchased from defendant. When it was discovered that the material had a lesser "R" value than purportedly represented by defendant, plaintiffs commenced the instant action for breach of warranty and fraud by service upon the Secretary of State pursuant to Business Corporation Law § 306. It is undisputed that the summons and complaint

were returned to the Secretary of State as undelivered, apparently due to defendant's failure to maintain a current address on file. Plaintiffs ultimately obtained a default judgment against defendant in the amount of $13,460. Once notified, defendant promptly moved to vacate the default pursuant to either CPLR 317 and/or 5015. Special Term vacated the default but left the judgment intact as security pending a final disposition of the matter (see, e.g., Rubin v Payne, 103 AD2d 946). Plaintiffs have appealed.

There should be an affirmance. Since defendant did not personally receive notice of the action in time to defend, the issue distills to whether a meritorious defense was presented (see, Marquette Co. v Norcem, Inc., 114 AD2d 738; Epstein v Abalene Pest Control Serv., 98 AD2d 832). In his supporting affidavit, defendant's vice-president maintained that no contractual relationship existed between the parties and, in any event, the alleged misrepresentations as to the quality of the insulation material were not made by any of defendant's representatives. Despite plaintiffs' assertions that the affidavit was merely conclusory and without evidentiary support, we conclude that it sufficiently establishes a potential meritorious defense (see, R. M. R. Rest. v Bygaph Corp., 113 AD2d 994). Plaintiffs failed to specify in either their complaint or supporting affidavits the details of the alleged misrepresentations. This being the case, defendant was left with no alternative but to dispute the allegations and properly did so by affidavit of a corporate officer (see, Teichman v Gendelman, 87 AD2d 745; cf. Whitbeck v Erin's Isle, 109 AD2d 1032, 1033). The conflicting positions assumed by the parties may appropriately be addressed by the trier of fact. We do agree, as noted by Special Term, that lack of privity is not a viable defense to a fraud claim (see, McKinney & Son v Lake Placid 1980 Olympic Games, 92 AD2d 991, 993, mod on other grounds 61 NY2d 836). Based on the foregoing, we cannot say that Special Term abused its discretion in vacating the default judgment.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Harvey, JJ., concur.