■ ROBERT SAILER, Appellant, v ANTHONY CONTARINO et al., Respondents.—In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), dated November 25, 1985, which denied his motion to vacate a prior order of that court, entered upon his default, dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (5). The designated return date, some 20 days after service of the motion papers, fell on a Saturday. The

plaintiff defaulted on the motion and the complaint was dismissed. Over three months later, the plaintiff moved to vacate his default based solely on the affirmations of his counsel. The plaintiff's basic premise was that there was no need to oppose the defendants' motion to dismiss inasmuch as that motion was rendered jurisdictionally defective by the Saturday return date.

The plaintiff's argument that the motion was rendered jurisdictionally defective by the Saturday return date is without merit. The plaintiff had some 20 days' notice of the motion, and had no right simply to ignore it. Further, while courts clearly have discretion to consider law office failure as an excuse for a default (CPLR 2005, 3012 [d]; *Brann v City of New York,* 96 AD2d 923), the Court of Appeals has held that the defaulting party is still required to supply an affidavit of merits and a reasonable excuse for the delay *(Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693; *Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685; *Canter v Mulnick,* 60 NY2d 689). The plaintiff's moving papers are grossly inadequate in that regard. The record contains no affidavit of anyone with personal knowledge of the facts. Nor can the complaint, which in this case is devoid of facts or detail, adequately substitute for a proper affidavit of merit *(Egan v Federated Dept. Stores,* 108 AD2d 718). Under the circumstances, Special Term properly denied the plaintiff's motion to vacate his default. Lawrence, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.