■ WILLIAM J. DEVINE et al., Appellants, v GILE P. MCMULLEN et al., Defendants, and S. PRAWER & COMPANY, Respondent.—Casey, J. Appeal from an order of the Supreme Court (Klein, J.), entered November 23, 1987 in Ulster County, which granted defendant S. Prawer & Company's motion for summary judgment dismissing the complaint against it.

Plaintiffs instituted this action against defendants for damages for personal injuries allegedly sustained in a motor vehicle accident on January 15, 1985. The answer of defendant S. Prawer & Company (hereinafter defendant) was served on February 5, 1987, with a demand for a bill of particulars, demand for list of appearances, notice to produce, and notice for discovery and inspection. No bill of particulars or responses to any of the discovery demands were furnished by plaintiffs. By notice of motion dated May 1, 1987, defendant moved for an order to compel and/or to preclude plaintiffs' proof due to their failure to respond. This motion was unopposed and by order of Supreme Court, entered July 23, 1987, defendant's motion was granted, conditioned upon plaintiffs' failure to comply within 45 days of the service of a copy of the order of preclusion with notice of entry. The order with notice of entry was served on plaintiffs' counsel on August 6, 1987.

On September 28, 1987, plaintiffs' attorney forwarded to counsel for defendant an answer and a response to the notice to produce. These documents were returned by defendant's counsel as untimely. On September 30, 1987, plaintiffs' counsel forwarded to counsel for defendant an alleged bill of particulars and response to the notice for discovery and inspection. Again, the documents were rejected as untimely and insufficient, and returned.

On October 6, 1987, defendant moved for summary judgment dismissing the complaint on the ground that plaintiffs were precluded from offering proof at trial due to the order of preclusion of July 15, 1987. This motion was returnable on October 26, 1987. Neither Supreme Court nor defendant's

counsel received responsive papers from plaintiffs' counsel, although plaintiffs' counsel claims to have submitted on October 15, 1987 a letter which was not received by defendant's attorney until this appeal had been undertaken. On November 5, 1987, Supreme Court granted defendant's motion for summary judgment dismissing the complaint. Plaintiffs appeal from this order.

Following the execution of this order, plaintiffs' counsel wrote a letter to Supreme Court objecting to its decision; a copy of this communication was received by defendant's counsel on November 20, 1987. Defendant's counsel objected to these letters as inappropriate. We agree that correspondence by letters from plaintiffs' counsel was inappropriate and ineffective to preclude defendant's motion for summary judgment. Plaintiffs had ample time to answer, comply or cross-move with respect to defendant's motions. Plaintiffs failed or neglected to do so. Under the circumstances, the grant of summary judgment to defendant was warranted (see, La Buda v Brookhaven Mem. Hosp. Med. Center, 98 AD2d 711, affd 62 NY2d 1014). Accordingly, the order appealed from should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.