■ ELISABETH SHAFRAN et al., Respondents, v DAVID KULE, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered February 2, 1989, which denied defendant's motion for summary judgment (CPLR 3212), is unanimously affirmed with costs.

On February 11, 1982, defendant seller entered into a sales contract with Goldwep Realty Corp., purchaser, for two buildings, 13 and 15 West 100th Street in Manhattan, for the sum of $250,000. This price was not allocated between the two buildings. The contract contained various agreements and representations by defendant as to the status of the residential tenants of 15 West 100th Street (the premises) and provided that it was to apply to and bind the successors and assigns of the parties.

On May 3, 1982, there were three closings: Goldwep assigned the sales contract to Lee Gelman and Elisabeth Shafran; 15 West 100 Street Realty Corp. transferred ownership of the property to defendant; and defendant conveyed ownership to Gelman and Elisabeth Shafran. Gelman's interest was later purchased by Ben Shafran, and the Shafrans formed a partnership, 1315 Associates, which is the owner of the property.

After learning that several of the tenants in the premises were rent-controlled tenants, although they were not represented as such in the sale contract, plaintiffs instituted this action claiming fraudulent representation in the February 11, 1982 sales contract and breach of contract.

Plaintiffs served the summons in this action on May 2, 1988 (one day less than six years from the date of the contract closing) on the Queens County Clerk, pursuant to CPLR 203 (b) (5). Plaintiffs thereafter timely served defendant.

Defendant moved for summary judgment to dismiss both causes of action on the ground, *inter alia,* that the six-year Statute of Limitations expired prior to commencement of the action. (CPLR 213 [2], [8].) Justice Santaella determined that

the contract action is not barred by CPLR 213 (2) and that whether the fraud cause of action is barred pursuant to CPLR 213 (8) must await the determination of several material issues of fact. Consequently, the summary judgment motion was denied. *(Sillman v. Twentieth Century-Fox Film Corp.,* 3 NY2d 395.)

Defendant asserts that plaintiffs have failed to establish fraudulent misrepresentation, and maintains that his managing agent was responsible for any misrepresentations. However, the managing agent, who acted as such for only a few months, denies having had any information concerning the status of the tenants, and claims that all such information was furnished to him by defendant. Accordingly, there exist unresolved questions of fact which warrant a denial of the summary judgment motion.

Defendant further claims that no damages have been established, since Goldwep, plaintiffs' assignor, made a profit on the contract. However, it cannot be determined from the record whether Goldwep sustained a loss with respect to the particular premises in question. Moreover, plaintiffs have an independent claim of fraud against defendant. Defendant knew, by reason of his direct conveyance of the premises to Shafran and Gelman, that they had accepted an assignment and were purchasing the premises in reliance upon his representations in the contract.

Defendant's assertion that plaintiffs have no claim against him for damage due to fraud, since plaintiffs are not in privity with him, is erroneous. Lack of privity is not a viable defense to a fraud claim. *(See, Nahal v C & S Bldg. Materials,* 116 AD2d 822.) Moreover, both privity of estate and privity of contract exist between plaintiffs and defendant. *(See,* 1 Rasch, New York Landlord and Tenant—Summary Proceedings §§ 193, 210 [2d ed].)

We have considered defendant's other claims and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas, Kassal and Wallach, JJ.