◼ LENA KHAVKIN et al., Respondents, v GREEN PARK ESSEX, INC., Defendant, and MYUNG H. HA et al., Appellants. [608 NYS2d 107] —In a negligence action to recover damages for personal injuries, etc., the defendants Myung H. Ha and Marvin Weiss separately appeal, as limited by their briefs, from (1) so much of an order of the Supreme Court, Queens County (Hentel, J.), dated April 12, 1991, as granted the plaintiffs' motion to vacate an order of the same court, dated

June 9, 1989, which dismissed the complaint in its entirety upon the injured plaintiff's failure to appear for a physical examination, and (2) so much of an order of the same court, dated September 19, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 12, 1991, is dismissed, as the order was superseded by the order dated September 19, 1991, made upon reargument; and it is further,

Ordered that the order dated September 19, 1991, is reversed insofar as appealed from, as a matter of discretion, the order dated April 12, 1991, is vacated, the plaintiffs' motion is denied, and the order dismissing the complaint is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The court dismissed the complaint in its entirety after the plaintiffs repeatedly ignored the court's directives to have the plaintiff Lena Khavkin submit to a second physical examination, and to file a note of issue, and because the plaintiffs' counsel failed to appear at a pretrial conference. We further note that in May 1989, the parties were served with a copy of the proposed order dismissing the complaint, and the order was entered on September 18, 1989. The plaintiffs' counsel received a copy of the order no later than November 3, 1989, and yet did not move to vacate it until the end of September 1990.

The plaintiffs have failed to provide a reasonable excuse for their default, or for the delay in moving to vacate the default, nor can they point to any concrete evidence that the appellants treated the action as ongoing after the complaint was dismissed (see, La Buda v Brookhaven Mem. Hosp., 98 AD2d 711, affd 62 NY2d 1014; cf., Mineroff v Macy's & Co., 97 AD2d 535). Accordingly, the order dismissing the complaint is reinstated. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.