■ AGWAY, INC., AAP NEW ENGLAND, Respondent, v DONALD W. CHICHESTER, Appellant. [686 NYS2d 217] —Spain, J. Appeal from an order of the Supreme Court (Hughes, J.), entered November 26, 1997 in Schoharie County, which denied defendant's motion to vacate a default judgment entered against him.

Plaintiff commenced this action for an account stated seeking to recover moneys allegedly owed to it for goods sold and delivered to defendant. Plaintiff moved for summary judgment and Supreme Court, having received no opposition from defendant prior to the July 17, 1997 return date, granted the motion and issued a judgment against defendant. Defendant thereafter moved to vacate the default judgment, alleging, *inter alia*, that the default was excusable because his counsel mailed the opposing papers to the Supreme Court Clerk and to plaintiff's attorney in a timely fashion but the postage meter label bearing the postage fell off each of the envelopes. Defense counsel avers that the nondelivery of the papers was not discovered until he received the court's decision granting plaintiff's motion. The court discredited the proffered excuse and denied defendant's motion, prompting this appeal.

We affirm. Whether a party seeking to vacate a default judgment has demonstrated a reasonable excuse for the default and a meritorious defense to the underlying claim is a determination within Supreme Court's sound discretion and will not be disturbed if supported by the record (*see, Steel Krafts Bldg. Materials & Supplies v Komazenski*, 252 AD2d 731; *Bonded Concrete v Audino*, 244 AD2d 647; *Stow Mfg. Co. v F & K Supply*, 232 AD2d 958; *see also,* CPLR 5015 [a] [1]). With regard to the "reasonable excuse" prong of the test, defense counsel asserts that he timely prepared opposing papers and directed his secretary to mail them. According to the secretary, the bulkiness of the documents sent to the court and to plaintiff's counsel required that she affix metered postage labels to the envelopes rather than directly stamping the envelopes in the postage meter. The secretary claims that she then mailed the envelopes but the postage label fell off the mailing to the court and when that mailing was returned for insufficient postage 12 days later, she remailed the document to the court without

notifying defense counsel. Notably, defendant's secretary did not allege that the envelope sent to plaintiff was returned for insufficient postage and remailed, yet the record reveals that the envelope in which plaintiff's counsel received the papers bore a directly printed postage meter stamp dated July 21, 1997 rather than a label. There is ample factual support in the record for Supreme Court's rejection of defendant's excuse as incredible, and we find no basis upon which to disturb the court's sound exercise of its discretion in that regard. In view of the absence of a plausible, reasonable excuse for this default, the determination of whether defendant demonstrated a meritorious defense is not relevant (*see, Pagano v U.W. Marx, Inc.*, 223 AD2d 817). Accordingly, the order denying defendant's motion to vacate the default judgment is affirmed (*see, Matzen Constr. v Hale*, 115 AD2d 913, 913-914; *Tucker v Rogers*, 95 AD2d 960).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.